### ST. JOSEPH & C. I. R. CO. v. STEELE.

(Circuit Court of Appeals, Eighth Circuit. October 8, 1894.)

#### No. 428.

Res Adjudicata—Estoppel.

The laws of Kansas provide that all railroad companies in the state shall annually report to the state auditor all their property, which shall be thereupon assessed for taxation by the state board of assessment, and do not authorize assessment of such property by local taxing officers. Complainant, the S. R. Co., in 1889, brought suit against D., as sheriff, to enjoin the sale of part of a bridge owned by it for a tax of 1888, assessed by the township of W.; alleging that said bridge formed part of its railroad property, and all such property had been reported by it to the auditor, and a tax assessed thereon by the state board, which had been paid, and that the local assessment was illegal. D's answer averred that the bridge in question was a toll bridge, and not railroad property; and the court so adjudged, and also adjudged that the right of assessment was in the local assessor, and dismissed the bill. *Held,* in a suit brought against defendant, the successor in office of D., to enjoin the sale of the bridge for a similar local tax of 1892, upon the same grounds, that this adjudication was conclusive upon complainant, which was thereby estopped to contest the liability of the bridge to local taxation, though in the former suit a question as to the location of the state boundary, which the bridge crossed, was involved and determined, and though it did not appear in the former suit, as it did in the latter, that the return to the auditor disclosed the fact that a part of the property of complainant consisted of the bridge.

Appeal from the Circuit Court of the United States for the District of Kansas.

This was a bill which was filed by the appellant, the St. Joseph & Grand Island Railroad Company, against R. M. Steele, in his official capacity, as sheriff of Doniphan county, Kan., to restrain him from selling a portion of a bridge across the Missouri river under a warrant that had been issued by the treasurer of Doniphan county, Kan., to enforce the collection of certain taxes theretofore assessed against the bridge by the local authorities of Doniphan county. The eastern terminus of the bridge is in the city of St. Joseph, Mo. The western terminus and the western 926 feet of the structure are situated in Washington township, Doniphan county, Kan. The residue or eastern portion of the structure lies within the boundaries of the state of Missouri. In May, 1892, the local authorities of Doniphan county, Kan., assessed that portion of the bridge which is situated in Kansas, for taxation

for that year, at a valuation of $200,000, upon the theory that it was a toll bridge, and that as such it was subject to valuation and assessment by the local township assessor. A tax of $8,100 on such valuation was subsequently imposed, and duly extended on the tax books of the county. This tax not having been paid, a warrant was issued for its collection; and the appellee, R. M. Steele, as sheriff of the county of Doniphan, was proceeding to enforce the collection of the tax by a sale of that portion of the bridge lying within the state of Kansas, when the present suit was instituted by the appellant to restrain the sale, and to prevent the collection of the aforesaid tax. The laws of Kansas do not authorize local township or city assessors to assess railroad property within their jurisdiction for the purpose of taxation. They require all railroad property to be valued as an entirety, by a board of railroad assessors, and the amount of the aggregate valuation to be apportioned for taxation among the various townships through which the road runs. In this behalf the statutes of that state provide, in substance, as follows: That the lieutenant governor, secretary of state, state treasurer, state auditor, and attorney general shall constitute a board for the valuation and assessment of all railroad property in that state. It is made the duty of said board to ascertain all the railroad property owned and operated within the state by every railroad company, and to appraise and assess such property, as an entirety, at its actual value in money. To aid the board in thus ascertaining and assessing railroad property, each railroad company owning or operating a road within the state is required to make a return of all its property to the state auditor on or before March 20th in each year. The laws of Kansas further provide that, when the board of railroad assessors have valued and assessed the property of a railroad, it shall cause the state auditor to make a return to the county clerk of every county in the state in which any part of the road is located, which return shall show, among other things, the number of miles of track located in each township of the county, the average valuation per mile, and the amount of the aggregate valuation for the purpose of taxation that shall be placed to the credit of each city and township in the county through which the road runs. Gen. St. Kan. 1889, §§ 6871–6873, 6875, 6879–6881. 6884. With reference to the allegations of the bill of complaint which was filed by the appellant, it is sufficient to say that it averred, in substance, that the aforesaid bridge had been owned by the appellant company since June, 1885, and that in the meantime it had formed an integral part of its railroad, which extended from St. Joseph, Mo., to the city of Grand Island, Neb.; that during said period it had been used continuously for the passage of its trains over the Missouri river; that in the month of May, 1892, the appellant had duly made a return to the state auditor, as required by law, of all its property located in Kansas, including that part of said bridge which was situated within the state; that the state board of railroad assessors had subsequently valued all of its property so returned for the purpose of taxation; and that the board had likewise certified to the county clerk of Doniphan county, as required by law, the amount of the aggregate valuation that had been apportioned to Doniphan county for the purpose of taxation therein. The bill further averred that the board of county commissioners of Doniphan county had subsequently caused taxes for the year 1892 to be levied and extended upon the valuation of the appellant's property within Doniphan county that had been fixed and certified by the state board of railroad assessors, and that the tax so levied and extended had been duly paid to the proper officers of the county on December 19, 1892. In view of the premises, the bill charged that the taxes levied upon said bridge, as a toll bridge, under the assessment made in May, 1892, by the local township assessor, was an illegal tax, and that the warrant under which the appellee was proceeding to sell said bridge was utterly void and of no effect. In his answer to the bill of complaint, the appellee pleaded, in substance, that the said bridge referred to in the bill was an independent structure, to wit, a toll bridge; that it was not constructed as a part of any railroad, and had never been used exclusively as a railroad bridge; that, being a toll bridge, the power to assess the same for the purpose of taxation, or to assess so much thereof as was located in Kansas, was vested exclusively in the local township assessor; and that it had been

erroneously returned as railroad property to the state auditor, and had been unlawfully assessed by the state board of railroad assessors. The defendant also pleaded specially that the right of the local township assessor to assess the bride as a toll bridge had been previously litigated, in a suit brought by the appellant against John Devereux, a former sheriff of Doniphan county, Kan., in which suit it had been finally adjudged and determined that the right to assess said bridge for the purpose of taxation was vested by the laws of Kansas in the local township assessor, and not in the board of railroad assessors. Railroad Co. v. Devereux, 41 Fed. 14. The circuit court, on final hearing, dismissed the bill of complaint, whereupon the complainant appealed.

M. A. Reed (John M. Thurston, on the brief), for appellant.

J. H. Gillpatrick (P. L. Soper, on the brief), for appellee.

Before BREWER, Circuit Justice, and SANBORN and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The first question that merits our attention on this appeal is whether the relief sought by the appellant is barred by the decree dismissing the appellant's bill of complaint in the suit formerly brought by this appellant against John Devereux, the then sheriff of Doniphan county, Kan., in the circuit court of the United States for the district of Kansas. In the present action, as will be seen by the foregoing statement, the appellant bases its right to relief on the sole ground that the local authorities of Doniphan county had no right to assess any portion of its bridge which spans the Missouri river at St. Joseph, Mo., for the reason that an exclusive power to assess said bridge for the purposes of taxation had been vested by the laws of Kansas in the state board of railroad assessors, inasmuch as the bridge formed an integral part of the appellant's railroad, and was not a toll bridge. It will be important, therefore, to inquire at the outset as to the nature of the former suit against John Devereux, and as to the precise issues that were tried and determined in that proceeding. The record discloses that that suit was begun in the month of February, 1889, and that it involved the validity of a tax for the year 1888 which had been assessed against the aforesaid bridge, on the theory that it was a toll bridge, by the township assessor of Washington township, Doniphan county, Kan. That suit, like the one at bar, was a bill for an injunction to restrain the collection of the aforesaid tax, on the ground that it had been illegally imposed by the local authorities of the township and county. The bill in the former case (Railroad Co. v. Devereux, 41 Fed. 14), as in the case at bar, alleged, in substance, that the St. Joseph & Grand Island Railroad Company was the absolute owner of the bridge now in controversy; that it formed a part of its railroad property; that the complainant company had duly made a return of all its railroad property, including that portion of said bridge which was located in Kansas, to the state auditor; that the state board of railroad assessors had duly valued and assessed the property so returned, for taxation for the year 1888; that the board had thereupon caused the state

auditor to make a due return of said assessment to the county clerk of Doniphan county, and that the board of county commissioners of that county had subsequently extended a tax for the year 1888, basing the same on the assessment so made and furnished by the board of railroad assessors; and that such tax had been duly paid by the complainant company prior to filing its bill to restrain the collection of the tax which had been assessed by the local authorities. The bill in the case against Devereux also contained the following specific allegation and prayers for relief, to wit:

"Your orator further alleges that neither the county nor township authorities or assessors of said Doniphan county have or had any authority or jurisdiction to levy, assess, extend, or charge up any taxes whatever against any part of the said railroad bridge of your orator in said Doniphan county; that the state board of railroad assessors of said state of Kansas had exclusive jurisdiction for assessing the said property to your orator in said Doniphan county for the year 1888. Wherefore, your orator prays * * * that on a final hearing of this case * * * your honors will find and decree * * * that the said bridge of your orator over the said Missouri river is a part of its railroad, and is and was assessable in the state of Kansas for the year 1888 by the said board of railroad assessors of said state only; that the said assessment of the said bridge of your orator made by the said Thomas B. Hickman [the township assessor] for the year 1888, the taxes levied and extended on such assessment, are illegal and void, and not chargeable to your orator or its property."

The defendant's answer to the former bill of complaint likewise contained the following allegations:

"Further answering, the defendant avers * * * that said bridge is, and from the completion thereof has been, used for the purpose of crossing persons and property, for which tolls have been demanded and received by the corporations, the predecessors of complainant, and the prior owners thereof, and is now, and constantly has been since the construction thereof, the common thoroughfare for teams, carriages, and the ordinary vehicles used in travel and the transportation of men and merchandise in transit between the states of Kansas and Missouri at the points aforesaid, and by the plaintiff and complainant for its coaches, cars, and engines, as well as by other railroad companies; the latter, and all railroad corporations, paying to complainant full compensation for such use and carriage. * * * And the said defendant alleges that the said board of railroad assessors of the state of Kansas, did not, as averred, assess the said bridge, and have no power so to do, and that that would be beyond the scope of their functions and duties as such assessors."

Moreover, the opinion of the circuit court, on the rendition of its final decree in the former case, contains the following statement of the questions involved in that action, which it was called upon to decide. The court said:

"Two questions are presented: First. Is it [the bridge] wholly within the county of Doniphan? And that depends upon where the boundary line between the states of Kansas and Missouri is,—whether in the center of the main channel, or on the east bank of the river. Second. Did the return of this as a part of the railroad track exempt it from subjection to taxation, as an independent structure, in Doniphan county? With respect to the latter question there can be little doubt. The bridge was not constructed as a part of the railroad. It is a costly structure, used for general purposes of travel; and the fact that the railroad company has its rails upon and runs its cars across it does not destroy its original character as an independent structure. It is clearly subject to local taxation."

From what has been said with reference to the nature of the former suit, and the allegations contained in the pleadings therein, it is obvious, we think, that one of the issues that was tried and determined in that action was whether the bridge which figures in the present controversy was an independent structure, to wit, a toll bridge, and as such was subject to valuation and assessment by the local township assessor, or whether it was an integral part of the St. Joseph & Grand Island Railroad, and as such was exclusively subject to assessment by the state board of railroad assessors. It is hardly necessary to remark, in view of what we have already said concerning the character of the present action, that this is the identical issue with which we are confronted in the case at bar. No attempt is made in the present bill of complaint to state any ground for equitable relief, against the assessment of 1892, other than the fact that the aforesaid bridge was not a toll bridge when said tax was imposed and that it was not then subject to valuation and assessment by the local assessor. It is true that in the former suit against Devereux a question as to the boundary line between the states of Missouri and Kansas was tried and determined. The validity of the tax assessment by the local authorities for the year 1888 was challenged in the former suit, because the local authorities had valued the entire bridge on the assumption that it was wholly within the state of Kansas; but it is equally true that the other and more fundamental question was involved, and was duly tried and determined, as to whether the bridge was or was not an integral part of the appellant's railroad, and as to whether any part of it was subject to assessment by the local authorities of Doniphan county. We do not understand that any of the propositions heretofore advanced are seriously controverted. It seems to be conceded by counsel for the appellant that at least one of the issues involved in the suit against Devereux is the same issue that is presented by the case at bar. It is also conceded—or, if not conceded, it is manifest—that the parties to the two suits were the same, for in each instance the defendant was sued, not as an individual, but in his representative character, as sheriff of Doniphan county.

In view of these concessions, and the facts disclosed by the record in the former suit, counsel for the appellant has realized the obvious necessity of avoiding the effect of the final decree of the circuit court of the United States in the suit against Devereux. An attempt is made to avoid the operation of that decree upon the ground that the facts on which the circuit court predicated its ruling in the former suit, that the bridge was subject to assessment by the local township assessor, are materially different from the facts disclosed in the case at bar. In support of this contention it is said, in substance, that in the former case it was not disclosed by the return made by the appellant to the state auditor in the year 1888 that a portion of the property then returned consisted of a bridge, whereas the return made by the appellant in 1892 did show that 926 feet of the mileage therein returned for taxation

consisted of a bridge structure, on which the appellant's track was laid. It is urged that this latter circumstance destroys the conclusive effect of the former decree, and enables the appellant to relitigate a question which has once been tried and determined in a suit between the same parties. We think it clear that the circumstance last stated is quite immaterial, and that it does not impair the effect of the former decree, for the following reasons: The ultimate point to be decided in the former case was whether the bridge was subject to assessment by the local township assessor, and the decision of that question turned upon the further inquiry, whether it was in fact a toll bridge, within the meaning of the Kansas statute which permitted toll bridges to be assessed by the local assessors. It is manifest that the finding upon the latter issue depended, not upon the form of the return made to the state auditor, but upon the circumstances under which the bridge had been built, and the manner in which it had thereafter been used, and the evidence as to those points was quite as full and specific on the former trial as at the last hearing. In other words, the fact that the appellant did not distinctly specify in its report to the state auditor that a portion of the mileage by it returned consisted of a bridge had no bearing, so far as we can see, upon any question, either of law or of fact, which the circuit court had to determine in the former suit. It results from this view of the case that its failure to specify the fact aforesaid in its return to the state auditor does not alter the conclusive effect of the former decree.

In conclusion, it is only necessary to add that in our judgment the decree in the suit against Devereux operates as an estoppel, and precludes the appellant in this action from contending to the contrary of what was therein found and determined, namely, that the bridge now in question is a toll bridge, and as such is subject to assessment by the local authorities of Doniphan county. This conclusion, we think, is the necessary result of a long line of federal adjudications, to wit: Cromwell v. County of Sac, 94 U. S. 351; Campbell v. Rankin, 99 U. S. 261, 263; Wilson's Ex'r v. Deen, 121 U. S. 525, 7 Sup. Ct. 1004; Nesbitt v. Riverside Independent Dist., 144 U. S. 610, 12 Sup. Ct. 746; Southern Minnesota Railway Extension Co. v. St. Paul & S. C. R. Co., 5 C. C. A. 249, 55 Fed. 690, and cases there cited.

The decree of the circuit court being for the right party, on the ground and for the reasons last stated, we have not deemed it necessary or profitable to consider any of the other questions that have been discussed by counsel. The decree of the circuit court is hereby affirmed.