Union Pacific Railroad Company v. The Board of County Commissioners of the County of Wyandotte *et al.*

No. 13,895. (77 Pac. 274.)

SYLLABUS BY THE COURT.

Taxation — *Injunction by Railroad Company — Question is Res Judicata.* In a suit for injunction brought by a railroad company against a county treasurer to enjoin the sale of certain property for taxes the trial was had on an agreed statement of facts, an examination of which discloses a former adjudication of the facts in issue under such conditions and circumstances as to make their determination *res judicata*, and the facts thus determined are sufficient to entitle the railroad company to the relief sought.

Error from Wyandotte district court ; E. L. FISCHER, judge.   Opinion filed June 11, 1904.   Reversed.

*N. H. Loomis, R. W. Blair,* and *H. A. Scandrett,* for plaintiff in error.

*James S. Gibson,* county attorney, for defendants in error.

The opinion of the court was delivered by

ATKINSON, J. : This is an action by the Union Pacific Railroad Company to enjoin the county treasurer of Wyandotte county from selling four tracts of land owned by it in the county of Wyandotte for the taxes of 1901 and 1902.   The board of county commissioners was also made a party defendant.   A restraining order was issued at the time of filing the petition. Upon the final hearing a perpetual injunction was refused, and judgment rendered against the plaintiff for costs.   It prosecutes error to this court.

This case was tried by the district court on an agreed statement of facts, subdivision 21 of which reads :

"In the year 1893 S. H. H. Clark, Oliver W. Mink, E. Ellery Anderson, J. W. Doane and F. R. Coudert were appointed receivers of all the property of the Union Pacific Railway Company by the United States circuit court for the district of Kansas.   Railroad tracts Nos. 4, 6, 7, and 8, above described, were included in the property which said receivers had in their possession and under their control by virtue of their appointment.   In the year 1893 said four tracts of land were assessed by the state board of railroad assessors, together with other property belonging to the Union Pacific Railway Company.   The county clerk and the county commissioners of Wyandotte county, Kansas, refused to recognize said assessment and made a local assessment of said tracts of land and

placed said local assessment upon the tax-roll of Wyandotte county for the year 1893. On September 1, 1894, said receivers brought suit in the district court of Wyandotte county, Kansas, against the board of county commissioners of Wyandotte county, and M. G. McLean, then county treasurer of Wyandotte county, to restrain the collection of the taxes levied under the local assessment. On January 7, 1896, the case was tried and judgment was rendered in favor of the receivers, declaring the local assessment null and void and perpetually enjoining the defendants from collecting the taxes levied thereunder. No appeal was taken from that judgment. The journal entry in said case is recorded in journal 14, page 191, which is referred to and made part hereof. The plaintiff herein is the legal successor in interest of the Union Pacific Railway Company and its receivers above mentioned.''

The journal entry above referred to contains the following recital :

"It is therefore ordered, adjudged and decreed by the court that all of said tracts of land fully described and set out in the findings herein, and ever since they have been so owned by said plaintiffs have been, and during the year 1893 were, railroad lands situated, lying and being contiguous to the right of way of said plaintiffs, and necessary for the daily and convenient use of said railway in the operation of its road, and are, and during all of said time have been, assessable only by the board of railroad assessors.''

It is contended by plaintiff that the agreed facts disclose that the question involved in this case was fully considered in the action brought by the receivers ; that the judgment rendered in that action determined the status of the land ; that it was there determined that said premises were not subject to the jurisdiction of the local assessors ; that the status of the land remains as fixed by the judgment in that action.

The agreed facts admit that the plaintiff herein is

the legal successor in interest of the Union Pacific Railway Company and its receivers ; disclose that the same parties are defendants in this case that were defendants in the former injunction suit ; that the same premises are in controversy ; that the controversy arose out of the same question—that is, whether the said lands were assessable by the board of railroad assessors, or by the local assessors ; and that the law applied to the facts in that case is now in force to be applied to the same state of facts in this case.   The judgment in that case found the premises to be ''necessary for the daily and convenient use of said railway in the operation of its road.''   Premises so used come within the provision of said section 7551.   Premises owned by a railroad corporation and so used are authorized to be assessed by the board of railroad assessors and not by the local assessors.   There is not shown in this case a state of facts and conditions differing from the facts and conditions existing when the former injunction suit by the receivers was brought and determined.   The rule of *res judicata* applies as well to facts settled and adjudicated as to causes of action.   (*C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.*, 47 Kan. 766, 29 Pac. 96 ; *St. Joseph & G. I. Rld. Co. v. Steele*, 63 Fed. 867, 11 C. C. A. 470.)

The matters in controversy in this case, as disclosed by the agreed facts, were adjudicated in the former injunction suit.   The judgment of the district court will be reversed, with direction to enter judgment for plaintiff.

All the Justices concurring.