TORBETT ENTREKEN V. MORRIS HOWARD, *Adm'r, &c.*

1. TAX-DEED—*When Void on its Face.* A tax-deed showing upon its face that it is based upon a sale made to the county in 1862, for the taxes of 1861, and an assignment of the sale-certificate by the county clerk in December 1865, is void.

2. ACTION TO QUIET TITLE—*Under Sec. 594 of the Code; Petition.* A petition to quiet title, filed under § 569 of the code of 1862, the same as § 594 of the code of 1868, which alleges in general terms that the plaintiff is the owner and in peaceable possession of the land, describing it, and that defendant sets up and claims an estate and interest therein adverse to the estate and interest of the plaintiff, but without disclosing the nature or source of that adverse estate, and praying that defendant be compelled to show his title, and that it be adjudged null and void as against the plaintiff, is sufficient to sustain a decree quieting title, as against any objections at least made in a collateral attack.

3. —————— *Seal, Authenticating Affidavit.* As against a like attack, a decree is not invalidated by the mere omission of the clerk of the court in which the action was pending to attach the seal of the court to the affidavit for publication taken before him, and authenticated by his signature, when it appeared that such affidavit was, prior to the decree, presented to the court for its consideration, and by it approved.

*Error from Miami District Court.*

IN July 1868, one Joel Abbott commenced an action against Horace B. Smith, to quiet his title to the S.E.¼ of section 9, township 17, range 24 east, 160 acres of land in Miami county. The action was brought under § 569 of the code of 1859, (same as § 594, code of 1868.) Smith resided in Indiana. An affidavit for publication was made by S. S. C., before the clerk of the district court. Publication was made, and proof of such publication was duly made and filed. On the 9th of December 1868, said cause of "Abbott against Smith," was tried — the journal entry thereof being as follows:

(*Title.*) "And now comes the said Joel Abbott by his attorney W. R. Wagstaff, and the said Horace B. Smith still failing to plead, answer or demur to the said petition, and thereupon this cause came on for hearing on the petition and testimony offered in this cause; and the court having heard the evidence and arguments of counsel, and being fully ad-

vised in the premises does find that the defendant Horace B.
Smith has been duly notified of the pendency and prayer of
said petition by six weeks' publication in the *Miami County
Advertiser*, a newspaper published at Paola, and of general
circulation in said county of Miami in the state of Kansas,
as required by law; and the court further finds that the said
Joel Abbott has the legal title to, and is in the peaceable pos-
session of, the premises described in said petition to-wit, the
S.E.¼ section 9, township 17, range 24 E. of sixth principal
meridian in Kansas.   It is therefore considered by the court
that Joel Abbott, plaintiff, has the legal title to and possession
of the premises in said plaintiff's petition described; and it
is further considered and adjudged by the court, that the claim
of the said Horace B. Smith to title in and to said described
premises is null and void as against the title of the plaintiff."

In April 1869 said Abbott sold and conveyed said land to
*Torbett Entreken.*   In November 1870 said *Horace B. Smith*
commenced an action of ejectment against said *Entreken*, to
recover possession of said land, claiming that he (Smith) was
seized in fee simple of said land, and was entitled to the im-
mediate possession thereof.   *Entreken* denied Smith's title,
and set up title in himself.   A second trial of such action was
had at the December Term 1871.   *Smith*, to maintain the
issue on his part, produced and gave in evidence a patent
from the government to himself of said land dated October
1st 1858.   *Entreken* offered, first, a tax-deed of said land,
executed by the county clerk of Miami county, to Joel Ab-
bott, dated December 5th 1868; second, the record of the
proceedings and judgment in the action of "Abbott v. Smith,"
above mentioned; third, a warranty deed from said Abbott
to *Entreken*, for said land, dated April 14th 1869.   This evi-
dence was all objected to by *Smith*, and all excluded by the
court — the tax-deed, as being void on its face; the judgment
in "Abbott v. Smith," as being *coram non judice*, and void,
for want of legal and proper service upon *Smith;* and the
warranty deed, because no title was shown in the grantor.
*Entreken* duly excepted, and made a case for this court, sub-
sequently to which said *Horace B. Smith* died.   *Morris
Howard* was appointed administrator; and said action is

now brought here by *Entreken,* and prosecuted against *Howard,* as administrator, and the heirs of said Smith, as defendants in error.

W. R. Wagstaff, and R. W. Massey, for plaintiff in error.

B. F. Simpson, and W. B. Brayman, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment. Defendant rested his title upon a tax-deed, and a decree quieting title. Both were held void. The ruling upon the tax-deed was unquestionably correct. It upon its face disclosed a sale made in 1862 for the taxes of 1861, to the county, and an assignment of the sale-certificate on the 19th of December 1865 by the county clerk, and was based upon that sale; and the assignment, and the deed based thereon, were both void. *Sapp v. Morrill,* 8 Kas. 677.

Two objections are made to the decree—one that the petition was not sufficient to sustain the decree, and the other that the records show no affidavit for publication, the only service pretended having been made by publication. The action was brought under § 569 of the code of 1862, (Comp. Laws, p. 224,) and the petition alleged in general terms that plaintiff was the owner and in peaceable possession of the land, describing it, and that defendant set up and claimed an estate and interest therein adverse to the estate and interest of the plaintiff, and prayed that he be compelled to show his title, and that it be adjudged null and void as against the plaintiff. We think as against any objection that can be raised in this collateral way the plaintiff's petition must be held sufficient. This was not an action outside of the statute, and based upon the old equity rules, in reference to which actions, and the allegations necessary to sustain them, see the case of *Douglass v. Nuzum,* recently decided by this court, (*ante,* pp. 515, 521,) but it is an action under the statute, and alleges all the matters named therein. It may be that the allegations are gen-

36—16 KAS.

eral, and partake something of the nature of mere statements of conclusions of law. But objections on such grounds must be raised in the action, and not out of it. They are not good when a judgment is sought to be collaterally attacked. Nor do we in this case mean to intimate that the objections to this petition would be sufficient for a reversal, even in a direct proceeding therefor. All that we decide is, that they are clearly unavailable for this collateral attack.

The other objection grows out of these facts: The affidavit for publication seems to have been sworn to before the clerk of the court in which the action was brought, and the same court in which the present action was pending. It is signed by the party making the affidavit. The jurat is in proper form, and attested by the signature of the clerk, but without the seal of the court. The defendant offered to prove the genuineness of the clerk's signature, and the fact that the party did take the affidavit as stated in the jurat, and also asked leave to have the clerk attach the seal to the jurat, but the court refused to admit the testimony, or grant the leave. Was the omission of the seal a fatal defect? We are disposed to think not. It must be remembered that this judgment was attacked collaterally. The question presented is not, whether there was such an error as to justify a reversal, but whether there was such an omission as to wholly invalidate the record. Of course, if it would not compel a reversal, *a fortiori* it would not destroy the judgment. And it seems to us matter of grave doubt whether on proceedings in error, when it was shown that the affidavit was made as attested by the clerk, whether this court would be justified under § 140 of the code, which provides that, "The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and *no judgment shall be reversed or affected by reason of such error or defect*," in reversing the judgment. Would we not be compelled to consider that a mere clerical omission, which did not affect the substantial rights of the adverse party? It must be borne in mind that the omission

is not the act of the party, but of the officer of the court in which the proceedings were had. And in the performance of his duties, the clerk is under the direction of the court. (Gen. Stat., p. 770, code, § 716.) So that the party having done all that the law required him to do, and having submitted to the court, a court of general jurisdiction, the evidence of what he had done, and that court having passed upon the evidence and found that the service by publication was in all respects legally made, and rendering judgment in his favor for the rights he claimed, is now told that everything is void because the officer of the court, acting under the direction of the court, failed to complete the authentication of an affidavit. Again, the purpose of the signature and seal is, authentication, evidence. Where the evidence comes from a stranger to the tribunal, and the authentication is by an officer in no way connected with the court, it may well be that the authentication should be complete, the evidence perfect. But where the affidavit is taken before the clerk, it is before an officer whose signature is judicially known to the judge, one who is in fact a part of the court. The authentication is not made stronger by the attachment of the seal, for that of which the courts take judicial knowledge is not made more certain by mere testimony. An affidavit before the clerk, to be used before the court, is very like swearing a witness by the clerk to be examined on a trial before the court. The clerk is simply the instrument by which the court has acted. As a matter of fact, we think the general practice throughout the state has been for clerks authenticating affidavits for use in their own courts to omit the seal, and simply attest with their signatures. Now if all these affidavits, and the judgments and rights founded on them, are absolutely void, or if depending for their validity upon the discretion of the judge before whom for the time the question may be pending, we fear the uncertainty of judicial titles would be greatly enhanced. Counsel do not seem to question the power of the court to allow amendments, but contend that under the rules laid down in *Foreman v. Carter*, 9 Kas. 674, an amendment was properly

refused.   In that case indeed, one of the defects sought to be amended was the same as that existing here.   The other defect was one caused by the party himself, and involved really the principal question.   We however drew no distinction between them in the opinion, and spoke of the rights of amendment generally, with reference to such defects.   It may be that this case comes within the principles there suggested as forbidding amendments — though that we do not so decide — and if an amendment was necessary to give validity to the record it may be that the ruling of the court below was correct.   But after a careful consideration of the case, without however finding much of authority directly in point, we are constrained to hold that, as against any collateral attack, a judgment is not invalidated by the mere omission of the clerk of the court in which the action was pending to attach the seal to an affidavit taken before him, and authenticated by his signature, when it appears that such affidavit has been presented to the court for its consideration, and by it approved. The case apparently nearest in point, cited by counsel, is that of *Tunis v. Withrow*, 10 Iowa, 305, in which an affidavit taken before a notary public, and unattested by his official seal, was held insufficient to sustain a service based upon it.   But there is this vital difference: the party there taking the affidavit was not an officer of the court, but a stranger to the tribunal.

The judgment will be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.