JAMES McDONALD ET AL., APPELLEES, v. JOHN W. EARLY, APPELLANT.

1.  **Action Quia Timet.** An action under section 57 of chap. 73, Compiled Statutes, may be maintained where the plaintiff's title to the lands in question is derived from the state, under the provisions of the statute providing for the sale and leasing of the educational lands of the state, by lease.

2.  ———: PLEADING. A petition under said section should state facts, showing the character, nature, extent, and invalidity of the defendant's claim which constitutes the cloud upon the plaintiff's title to the lands in question.

APPEAL from the district court for Platte county. Heard below before GEORGE W. POST, J.

*M. Whitmoyer*, for appellant.

1.   Action cannot be maintained except by those holding a legal title to the land.  Sec. 57, Comp. Stat., 394 *The State v. S. C. & P. R. R.*, 7 Neb., 376.

2.   A lease for a term of years, or even an equitable title, is not sufficient to entitle a party to relief in an action to quiet title.  *Thomas v. White et al.*, 2 O. S., 551.

3.   The petition should state facts showing the nature and invalidity of defendant's claim which constitutes a cloud upon plaintiffs' title to the land in question.  If plaintiffs have anything to fear as a cloud, they should set out just what it is fully, or state the reasons why they cannot.  *Walls v. Grosvenner*, 31 Wis., 681.  *Page v. Kernan*, 33 Wis., 320.  *Jenks v. Hathaway*, 48 Mich., 536.

*M'Allister Brothers*, for appellee.

1.   A tenant in possession can maintain an action to quiet his title.  *Craft v. Merrill*, 14 N. Y., 456.  *Launsbury v. Purdy*, 18 N. Y., 515.  *Parlus v. Pacific G. & S. M. Co.*, 35 Cal., 30.  The Ohio statute under which the case of *Thomas v. White et al.*, cited by appellant, 2 O. S., 551, was decided, was different from our statute on that subject, and the case of *State v. S. C. & P. R'y Co.*, 7 Neb., 376, does not support the position of counsel; and especially would a lessee from the state be entitled to maintain this action.  The state does not undertake to warrant and defend the title to its lessees, nor would it be policy for it to do so.

2.   That the plaintiffs' petition is sufficient in its allegations as to the nature and extent of defendant's claim of right to the premises, see 2 Nash's Pleading and Practice, 1218.  Estee's Pleading and Forms, 2d edition, 180–187. The allegation in the petition that the defendant has no right, title, or interest in the premises mentioned, is equivalent to an allegation that the nature of his title, if he has any, is unknown to the plaintiffs.

COBB, J.

This is an action in the nature of an action *quia timet*, brought by the plaintiffs to remove a cloud from the title of their decedent to certain lands held by a leasehold estate under the state. The petition, after setting out the estate of the decedent in the lands, his possession thereof at the time of death, and their appointment as his administrators, and the possession of the premises by the plaintiffs since the death of their decedent, proceeds as follows:

" 8. That said defendant, John W. Early, claims an estate, or interest in and to said " (describing the land) " adverse to the plaintiffs.

" 9. The claim of said defendant is without shadow of right, and that the defendant has no title or interest whatever in said land or premises or any part thereof," with prayer for judgment, etc.

To this petition the defendant filed a general demurrer, which being overruled by the district court, the defendant refusing to further plead, a judgment was rendered for the plaintiffs, and the defendant brings the cause to this court by appeal.

The appellant makes two points why his demurrer should have been sustained.

1. The action cannot be maintained except by those holding a *legal title* to the land. A lease for a term of years, or even an equitable title, is not sufficient, etc.

2. The petition should state facts showing the nature and invalidity of the defendant's claim which constitutes a cloud upon the plaintiffs' title to the land in question, etc.

The provisions of the statute applicable to such cases are found in Comp. Stat., chap. 73, §§ 57–61, in the following words:

SEC. 57. That an action may be brought and prosecuted to a final decree, judgment, or order by any person or persons, whether in actual possession or not, claiming title to real

estate against any person or persons who claim an adverse estate or interest therein, for the purpose of determining such estate or interest, and quieting the title to said real estate.

SEC. 59.  Any person or persons having an interest in remainder or reversion in real estate, shall be entitled to all the rights and benefits of this act.

The object which the legislature had in passing the above provisions was to extend the benefit of the common law in actions of this character to persons claiming title to real property, though not in the possession thereof.  Certainly that is all that was accomplished by the legislation, as a party in actual possession had the same rights before as after the passage of the statute.

The distinguishing feature of this action at common law is, that it may be prosecuted in anticipation of injury or loss, and before any has been sustained or even threatened.  All that seems to have anciently been necessary was, that the plaintiff be possessed of or entitled to an estate, and the defendant was also possessed of the semblance of a right or title to the same estate, which, though imperfect and invalid as against the rights of the plaintiff, yet might, by the lapse of time, the death of living witnesses, the loss or removal of muniments of title, become the prevailing title.  This estate need not necessarily be one of realty, but may consist of personal property of any description.  See Story's Equity Jur., §§ 82–5, et. seq.

It may be asked, why then the necessity of legislation if at common law this remedy was so full and general? The answer is, that at common law, when out of possession of real property to which one had a right, he usually had an action at law against some person as his ejector or who kept him out of the possession thereof, by which action his title could be settled and adjudicated, and he let into possession.  So, having an adequate remedy at law, there was no ground for the interference of a court of equity; for it

is an elementary principle that one can resort to a court of equity only when has no full and adequate remedy at law.

In the case of *Thomas v. White*, 2 Ohio State, 540, the court say: "For he" the plaintiff "must have both legal title and possession to maintain a bill *quia timet*." No authorities are cited, nor reason given; and, after a careful study of the case, I come to the conclusion that the learned judge who wrote the opinion used the word "title" in a sense different from that urged by appellants in the case at bar in their brief.

A leasehold estate, running for twenty-five years in a valuable piece of property, may be of vastly greater value than a fee simple title to another piece. Besides, as we have already seen, the remedy at common law is not confined to real property at all, and the statute is an enlarging rather than a restricting one.

A vast amount of valuable lands belonging to one of the most sacred trust funds of the state, is now held by citizers under leases like the one copied in the petition in the case at bar. The method of obtaining these leases, as well as the payments and other duties necessary to keep them alive, are quite complicated. It is, therefore, not improbable that many cases of conflicting claims under such leases may arise, involving important property rights. Of such character is probably the case at bar. No doubt, while the facts are of comparatively recent occurrence, all such conflicting claims may be settled upon terms of justice and equity, but which might be impossible after the lapse of considerable time; and to such purpose I regard the remedy by petition in the nature of a bill *quia timet*, as quite appropriate.

Upon the second point, I have come to the conclusion that it is well taken. In this kind of action the plaintiff is said to file his bill *quia timet*—because he fears. Now what does he fear? Certainly not the empty boast of the defendant that he has a right to the lands in question; but, as we have seen above, there must exist something bearing

McDonald v. Early.

. the semblance of a right in the defendant which he fears may, unless litigated and settled now, grow into and become a title dangerous to that of the plaintiff. This action is often spoken of, both in the books and out of them, as an action to remove a cloud from the plaintiff's title, etc. Now, the existence of this cloud is the cause of action. The statute, in part quoted above, also provides as follows:

"Sec. 58. All such pleadings and proofs and subsequent proceedings shall be had in such action    *    *    * as may be necessary to fully settle and determine the question of title between the parties to such real estate, and to decree the title to the same    *    *    *  ." Now it may well be asked, how is the title to be settled and determined? How is the court to decree a certain simulated or pretended title to be no title, and order it to be cancelled or perpetually enjoined unless it is described in the pleadings? It is no answer to say that the defendant should set forth the nature, character, and extent of his title in his answer. He may not answer as in this case when any decree that the court might render would be ineffectual for the purpose intended. Under the old system of chancery practice, a defendant might in some cases be compelled to answer, but not so under the code system. Here the plaintiff must state his case and his whole case. It will not do for him to set up a skeleton and depend upon its being filled out and habilitated by the answer of the defendant.

I am accordingly of the opinion that the demurrer should have been sustained, in which case the petition would doubtless have been amended by setting out the nature, character, and extent of the pretended title of the defendant, which *they fear* may, by the lapse of time or other circumstances, ripen into a title dangerous to their rights. The decree of the district court is therefore reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

ALL the judges concur.