MARGARET J. GORHAM *et al.* v. N. Q. TANQUERRY *et al.*
### No. 9842.

JURISDICTION OF PERSON—*objection to, waived by motion to discharge attachment because affidavit insufficient.* The defendants, upon whom there had been no valid service, appeared and attacked the jurisdiction of the court, and at the same time asked that an attachment, which had been levied upon their property, should be discharged, upon the ground that the affidavit of plaintiff, made to procure the attachment, was insufficient; *held*, that, having appeared for other purposes and presented other considerations than those of jurisdiction, they made a general appearance and gave the court general jurisdiction over them.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge. Opinion filed May 8, 1897. *Affirmed.*

*Daniel B. Hadley*, for plaintiffs in error.
*Reed & Reed*, for defendants in error.

JOHNSTON, J. The question presented for determination is, whether the voluntary appearance made in the trial court by counsel for plaintiffs in error

.recognized the general jurisdiction of the court. A petition was filed asking a recovery of two thousand dollars against them. A summons was issued, and at the same time an order of attachment, which was levied upon real estate owned by them. The summons was not served, and an effort was made to obtain service by publication; but it seems that the notice was not published a sufficient length of time. Afterward, counsel appeared in court, as he alleged, for the sole purpose of making a motion in which he challenged the jurisdiction of the court on account of the insufficiency of the notice of publication. In the same motion, he also asked that the attachment be discharged, for several reasons; one of which was that "the affidavit of plaintiff made to procure attachment in this action is not sufficient in law upon which to issue an attachment." The trial court held that, while the service was not good, the defendants below had, by their motion, waived the service, and submitted themselves to the general jurisdiction of the court.

The ruling meets our approval. A motion made by a defendant for the special purpose of contesting the jurisdiction of the court does not waive notice nor confer jurisdiction; but if he appears for any other purpose, it will be construed to be a general appearance in the case and to give the court jurisdiction over him. As early as *Cohen v. Trowbridge* (6 Kan. 385), it was held that a motion grounded wholly or in part upon errors or irregularities aside from the question of jurisdiction is such waiver as constitutes an appearance. Here, the defendants did not confine themselves to questions of jurisdiction, but grounded their motion, in part, upon errors and irregularities in the proceedings. They invoked the opinion of the court as to whether the affidavit upon which the attachment was based was

sufficient. It was claimed that the grounds alleged
for attachment were not full and complete ; but the
only defect pointed out is that the defendants are
said to be non-residents of " this State," instead of
" the State of Kansas." As the affidavit purports to
be made in Kansas and the State is named in the first
part of the affidavit, it is clear that there is no force
in the objection. If it can be regarded as a defect at
all, it is no more than an error or irregularity ; and
yet upon this ground they asked the court to discharge
the attachment and release their property. In doing
this they went beyond objections to notice or service,
and, having appeared for other purposes and presented
other considerations than those of jurisdiction, they
must be held to have made a general appearance, and
to have given the court general jurisdiction in the case
over them. *Carver v. Shelley*, 17 Kan. 472 ; *Bury v.
Conklin*, 23 id. 460 ; *Greenwell v. Greenwell*, 26 id. 530 ;
*Meixell v. Kirkpatrick*, 29 id. 679 ; *Life Association v.
Lemke*, 40 id. 142 ; *Frazer v. Douglas*, 57 id. 809, 48
Pac. Rep. 36.

The judgment of the District Court will be affirmed.