R. C. BURNHAM v. J. C. LEWIS.

No. 12,686.   (70 Pac. 337.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT— *Special and General Appearances.* An appearance in an action by a defendant for any purpose other than to contest the jurisdiction of the court will give the court general jurisdiction over such person for all purposes of the litigation. (*Adolph Cohen v. C. B. Trowbridge,* 6 Kan. 385; *Bentz v. Eubanks,* 32 id. 321, 4 Pac. 269; *Meixell v. Kirkpatrick,* 29 id. 679; *Greenwell v. Greenwell,* 26 id. 530; *Pierce v. Myers,* 28 id. 364; *Gorham v. Tanquerry,* 58 id. 233, 48 Pac. 916.) The appearance of a defendant to contest the right of the plaintiff to amend his affidavit in attachment is a general appearance.

31—65 KAN.

Error from Rush district court; J. E. ANDREWS, judge. Opinion filed October 11, 1902. Reversed.

*S. I. Hale*, and *H. L. Anderson*, for plaintiff in error.
*W. H. Russell*, and *Flickinger Bros.*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff in error sued to recover damages for a breach of contract made in Kansas to sell real estate situated in Rush county, and, on the ground of the non-residence of the defendant, caused the real estate over which the controversy arose to be attached. The defendant below appeared and filed a motion to discharge the attachment, for the reason that an order of attachment could not issue in an action to recover unliquidated damages for a breach of contract to sell real estate. Upon the hearing of this motion, the plaintiff asked leave to amend his affidavit in attachment. To this application the defendant objected, which objection was overruled by the court. Plaintiff was granted leave to make the requested amendment, to which the defendant excepted. The court then sustained the motion, dissolved the attachment, and discharged the property, for the reason suggested in the motion. Afterward the defendant appeared specially and moved the court to dismiss the action for the reason that it had no jurisdiction over him. This motion was sustained and the case dismissed. The plaintiff in error complains of this judgment.

We are of the opinion that the court below erred in dismissing the action. A defendant in an action may appear specially to challenge the jurisdiction of the court, and such appearance, when made exclusively

for that purpose, will not give the court jurisdiction. When the defendant challenged the right of plaintiff in error to amend his affidavit in attachment, he was not presenting a jurisdictional question. It was said in *Gorham v. Tanquerry*, 58 Kan. 233, 48 Pac. 916:

"The defendants, upon whom there had been no valid service, appeared and attacked the jurisdiction of the court, and at the same time asked that an attachment, which had been levied upon their property, should be discharged, upon the ground that the affidavit of plaintiff, made to procure the attachment, was insufficient; *held*, that, having appeared for other purposes and presented other considerations than those of jurisdiction, they made a general appearance and gave the court general jurisdiction over them."

In that case the defendant appeared and contested the sufficiency of the attachment affidavit; in this case he appeared and contested the right of plaintiff to amend such affidavit. Neither involved a jurisdictional question; both raised questions other than those of jurisdiction. The appearance of the defendant in this case to contest the right of the plaintiff to amend his affidavit in attachment was such a voluntary appearance in the action as gave the court general jurisdiction over him. The judgment of the court below in dismissing the action was, therefore, erroneous.

The judgment is reversed and the cause remanded for further proceedings.

All the Justices concurring.