J. H. THOMPSON v. RUDOLPH PFEIFFER, *as Executor*, etc.

No. 12,972.   (71 Pac. 828.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Special and General Appearance Distinguished.* Where a non-resident defendant, defectively served with notice, makes what he calls a special appearance, challenging the jurisdiction of the court, and in doing so invites an inquiry as to the sufficiency of a pleading or upon a matter involving the merits of the controversy, he submits himself to the jurisdiction of the court, and waives defects in the process or in the means of bringing him into court.

2. ———— *Liability of Stockholder—General Appearance.* In a motion to dismiss an action brought to enforce the individual liability of a non-resident stockholder, two of the grounds alleged for dismissal were that the action to enforce the stockholder's liability was one *in personam*, which could not be determined in an action *in rem*, and that the judgment on which the action was based had become dormant. *Held*, that the defendant thereby entered a general appearance, although in his motion he undertook to limit it to a special appearance.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed March 7, 1903. Affirmed.

*Prigg & Williams,* for plaintiff in error.
*J. W. Rose,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C.J. :  This was an action to enforce the individual liability of J. H. Thompson to the extent of $1100 as a stockholder in the Bank of Burrton.  The petition of the plaintiff below was filed on August 3, 1897, and on the same day an order of attachment was issued, which was levied on the land of Thompson in Reno county.  Thompson was a non-resident of the state, and on September 11, 1897, an affidavit for publication was made which was defective as to the descripiion of the land attached, and, besides, it did not expressly state that the property attached was that of the defendant.  On this affidavit a publication notice was given which correctly described the land, and contained the statement that the land was levied on as the property of the defendant.  It may be remarked here that the correct description of the land was given in the affidavit for attachment; also, that it was attached and appraised as the property of the defendant, and, further, that the affidavit for service by publication, as well as the publication itself, quite fully gave the contents of the petition, and referred to the issuance and levy of the attachment.  On December 3, 1897, Thompson made what he called a special appearance, and asked for a dismissal of the action, for the following reasons :

"1st.  Because the court has no jurisdiction to hear and determine the same.

"2d.  Because the same is an action *in personam*, being an action to enforce a stockholder's double liability, and the same cannot be determined in an action *in rem*.

"3d.  Because the judgment on which said action is based has become dormant."

This motion was considered by the court and over-ruled. Afterward other motions were made attacking the sufficiency of the service by publication, some of which were sustained and others overruled, but, in view of the conclusions which we have reached, these rulings are deemed to be immaterial.

The motion to dismiss, although designated as a special appearance, was, in fact, a challenge to the sufficiency of the averments of the petition. The first ground of the motion, it is true, was jurisdictional, but the second and third grounds invoked the judgment of the court on the merits of the cause of action set up by the plaintiff. Where a defendant, purporting to limit his appearance, actually invites an inquiry as to the sufficiency of a pleading, or upon a matter involving the merits of the controversy, he submits himself to the jurisdiction of the court and waives defects in the process or in the means of bringing him into court. The defendant's motion converted the so-called special appearance into a general one, and the court was thereafter warranted in proceeding as though the original service had been complete and regular. (*Burdette v. Corgan*, 26 Kan. 102; *Life Association v. Lemke*, 40 id. 142, 19 Pac. 337; *Frazier v. Douglass*, 57 id. 809, 48 Pac. 36; *Gorham v. Tanquerry*, 58 id. 233, 48 Pac. 916. Later the plaintiff contested the sufficiency of the affidavit for attachment, and in that way raised a question which was not jurisdictional. It might also be remarked that the affidavit for publication, while voidable, was amendable, and by leave of the court was amended and a new notice published, and thus the service by publication, if the plaintiff had to depend on it, was cured and completed. However, the general appear-

Thompson v. Pfeiffer.

ance waived any irregularity in the service and dispensed with the necessity of perfecting it.

On the trial of the merits other objections were made to the rulings of the court, but the only one to which any attention has been given in the argument is the sustaining of a demurrer to the twelfth count of Thompson's answer.   In that he alleged the enactment of the banking law of 1897 and non-conformity with its provisions as to enforcing stockholders' liability to the creditors of insolvent banks.   The act places the enforcement of stockholders' liability in the hands of a receiver of the insolvent bank, and provides that the sum collected from stockholders shall become a part of the assets of the bank, and be distributed *pro rata* among the creditors, in the same manner as other funds.   (Gen. Stat. 1901, § 461.) In the present case, however, the liability of Thompson to the creditors of the bank had been assumed, and the rights of the creditors had accrued against him, prior to the enactment of the law of 1897.   In the case of *Woodworth v. Bowles*, 61 Kan. 569, 60 Pac. 331, it was held that the statute could not be given a retroactive operation, and that it could not apply to those who occupied the relation to each other of stockholder and creditor before the act took effect.

No error was committed in sustaining the demurrer, nor do we find any ground upon which to base a reversal of the judgment.   It will, therefore, be affirmed.

All the Justices concurring.