## ZISKA v. AVEY *et al.*

No. 1334.   Opinion Filed March 12, 1912.

Rehearing Denied December 31, 1912.

(122 Pac. 722.)

1. APPEARANCE—General Appearance—Motion to Vacate Judgment. Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, **held**, that thereby said party enters a general appearance as though said appearance had been made at the trial.

2. SAME. In an action to quiet title brought in the district court, where the defendant is served by publication, and judgment is entered according to the prayer of the petition; and where the defendant, constructively served, afterwards appears and files

a motion in the original action to vacate and set aside the judgment rendered, and which motion is based upon both jurisdictional and nonjurisdictional grounds, it will be deemed and held that a general appearance is entered, and that any defects in the service are waived, and the judgment rendered thereon validated.

3.  **QUIETING TITLE**—Pleading—Determination of Adverse Claim. In an action brought under section 4787, Wilson's Rev. & Ann. St. 1903 (section 6121, Comp. Laws 1909), a petition which embodies the essential averments of the statute is sufficient. A petition, therefore, which alleges that the plaintiffs are the owners in fee and in the actual peaceable possession of the property in controversy, describing it, and that the defendant claims an interest therein adverse to plaintiffs, and that the claim of the defendant is a cloud upon the plaintiffs' title thereto, sufficiently states a cause of action brought under said statute.

(Syllabus by Sharp, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

An action by Newton Avey and another against Frank R. Ziska and others. Judgment for plaintiffs, and defendant Ziska brings error. Affirmed.

On August 8, 1906, Newton Avey and Mary E. Overholser brought suit in the district court of Oklahoma county against Frank R. Ziska and the unknown heirs and devisees of Frank R. Ziska, deceased. The petition charged that they were the owners in fee simple and in actual possession of lot 19, block 34, in the city of Oklahoma City, and that the defendants claim an interest therein adverse to the plaintiffs. The petition then recites the manner in which plaintiffs acquired title, which was through a guardian's sale; that, said Frank R. Ziska having been insane, one W. M. Smith was appointed his guardian, and as such, through orders of the county court, procured the sale of said lot, which sale it is charged was in all respects regular; and that, on account of said purchase from said guardian, the plaintiffs acquired the right, title, and interest of said Frank R. Ziska in and to said premises. The petition further charges that the claims made by defendants constituted a cloud upon plaintiffs' title to said lot, and asked that the defendant, Ziska, be required to set forth the nature of his claim to said premises, and that the court decree

the plaintiffs' title in and to said premises to be a valid and perfect one, and that said defendants be adjudged to have no interest or estate in and to said premises, etc.  On the same day that said petition was filed, affidavit for service by publication was made. Publication notice thereupon issued, which was afterwards published and sworn return thereof filed in the office of the district clerk, and on the 23d day of October following, judgment was rendered for, and title quieted in, said plaintiffs.   Thereafter, and on the 26th day of August, 1908, the defendant, Ziska, filed in the office of the district clerk in said original case a motion to vacate the judgment theretofore rendered, wherein it was charged that said judgment was void because rendered in the absence of said defendant, and that there had been no service upon or appearance by him in said action, and for the further reason that the affidavit for publication was insufficient in substance and form, and that the service by publication was void, both because of the insufficient affidavit, and the insufficient notice by publication.   Plaintiff further charged that the petition on which said judgment was based did not state a cause of action against defendant, Ziska.   Thereafter, and on the 20th day of October following, Ziska obtained leave of court to withdraw said motion, and thereafter, on the 30th day of November, 1908, filed a second motion to vacate said judgment, in which, among other things, he stated that he was the owner of the lot in controversy, and that the judgment theretofore rendered against him was a cloud on his title, and that said judgment was void for the following reasons:   First, that the petition was insufficient to support a judgment, and that, therefore, the court was without jurisdiction in the premises, and the judgment rendered therein was void; second, that the judgment was obtained upon service by publication in the absence of defendant, who was at the time a nonresident of the Territory of Oklahoma, and that the affidavit was insufficient in law to confer jurisdiction upon the court to cite the defendant by publication.   Numerous other attacks on the sufficiency of the affidavit were charged, and, in addition thereto, it was further alleged that the notice for publication was insufficient, and not as required by law, and that,

therefore, the judgment was void. Other objections to the pub-lication notice, the manner of its publication, and return thereof were made. The motion concluded by asking that the judgment be vacated, and that defendant be permitted to file an answer in said action. Thereafter, and on the 9th day of April, 1909, said motion was overruled, and the case is brought here for review.

*S. A. Horton,* for plaintiff in error.

*Shartel, Keaton & Wells, Everest, Smith & Campbell,* and *John H. Wright,* for defendant in error Newton Avey.

Opinion by SHARP, C. (after stating the facts as above). The motion to vacate the judgment of October 23, 1906, may be construed under two heads: First, that the court did not have jurisdiction of the defendant; second, that the petition did not state a cause of action.

We shall discuss the second proposition first. In *Rogers v. McCord-Collins Merc. Co.,* 19 Okla. 115, 91 Pac. 864, it was urged that the judgment was rendered without testimony; also, that the petition was not subscribed by the plaintiff in error, and for this reason the court erred in rendering judgment; also, that service was made on Thanksgiving Day. The first and second of these objections were not matters that could be con-sidered under the head of a special appearance. They were matters that did not pertain to the jurisdiction of the person, and defendant, having presented them to the court, was deemed to have entered a general appearance to the action, and, having entered a general appearance, all matters affecting the service would be waived, and the court held to have jurisdiction of the defendant. The court in the syllabus said:

"Where a motion is made in which questions are raised which go to the jurisdiction of the court over the parties, and in which questions are also raised which cannot be raised by special appear-ance, but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appear-ance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appear-ance be made after judgment and upon a motion to vacate and set aside such judgment."

In *Trudgeon v. Gallamore,* 28 Okla. 73, 117 Pac. 797, no judgment was asked in the petition against defendant Riley, and no service ever had been made and no appearance entered. However, after judgment the defendants filed a motion for a new trial, charging that the judgment was not sustained by sufficient evidence, was contrary to law, and was excessive. The court held that this was a general appearance, and referred to the rule that where defendant makes a motion for a new trial in a cause, after judgment, based on nonjurisdictional grounds, he thereby enters a general appearance.

In *Lookabaugh v. Epperson,* 28 Okla. 472, 114 Pac. 738, a bill was brought to review an order of the court below, overruling a motion to set aside a default judgment rendered upon service by publication as to one of defendants, and to permit defendants to file an objection and defend the action. The defendant thus cited came into court and filed a special appearance, and motion to quash the service by publication, and an order was made striking the motion from the files, and thereafter judgment by default was rendered against said defendant and the title quieted. Subsequently said defendant filed a motion to vacate and set aside the judgment, and for permission to answer and defend the action, which was denied. The trial court held that the appearance entered was general, and that all irregularities in the issuance and service of summons by publication were thereby waived, and cited in support thereof *Rogers v. McCord-Collins Merc. Co., supra,* and numerous Kansas cases. The court there said that while the question of the sufficiency of the petition was not properly before the court, not having been urged in the petition in error, yet, "while some of the allegations are of a general nature, and might be vulnerable to a motion to make more definite and certain, they are sufficient to sustain the judgment," and affirmed the decision of the trial court.

In *Welch v. Ladd,* 29 Okla. 93, 116 Pac. 573, judgment had been rendered against defendants in the Southern district of the Indian Territory, instead of the Central district, where the defendants resided. The action was one for specific performance. The court held from the face of the judgment that the same

was void, and conveyed no title and would be so held, but for the fact that it further appeared from the face of the record that on April 29, 1905, after judgment by default had been rendered, defendants moved the court to set aside and vacate the judgment, and permit them to file answer, etc. This motion was supported by affidavits, showing that defendants were full blood Indians, uneducated, illiterate, and could speak little English, and not realizing the situation, did not employ counsel to represent them in the suit, until after default judgment was taken. The court refused to allow the answer to be filed. This court on appeal said:

"As the motion did not seek to vacate the decree on jurisdictional grounds, but invoked the jurisdiction of the court to exercise its discretion and set aside the decree, the filing of same by defendants constituted a general appearance, a waiver of all defects in the service of process by which the court sought to exercise jurisdiction over their persons, and validated said judgment. 2 Enc. Pl. & Pr. p. 655. Also *Kaw Life Ins. Ass'n v. Lemke,* 40 Kan. 142, 19 Pac. 337. The court then having jurisdiction thereof by said appearance and of the subject-matter of specific performance by virtue of its general equity powers, the judgment is not void on its face."

In *Burdette v. Corgan,* 26 Kan. 102, one of the defendants was not named in the publication notice, and it was thereby contended that she was not concluded by the judgment, and that her title to the property was not thereby extinguished. Prior to the judgment this defendant was not before the court, and, so far as the judgment then stood, it did not divest or affect her title. It was insisted that the motion filed constituted a general appearance, and that said defendant thereby submitted herself to the jurisdiction of the court, and could not then be heard to say that the judgment was void. In referring to a correlative case—*Walkenhorst v. Lewis,* 24 Kan. 420—Brewer, J., in the opinion said:

"The facts in reference to that motion more particularly are as follows: There were several defendants, some of them minors. The motion to vacate the judgment recited that the parties appeared specially, and moved to set aside the judgment as void for several reasons; * * * among them, that the

petition of the plaintiff did not state facts sufficient to uphold the judgment, that no guardian *ad litem* was appointed for the minor defendants, and because no service was made upon the minor defendants, as required by law. At the time the motion was filed, it was said that the names of all of the defendants appeared in the notice, but, after the ruling of the district court upon the motion, it was discovered that in some way the name of one of the minor defendants had been omitted so that she in fact had not been served," etc.

The court then said with reference to the case under consideration:

"The question now is, not whether this defendant was originally served, or concluded by the judgment at the time it was rendered, but whether her subsequent action has not shut her off from any remedy. This question has never been before us, and must be decided upon the record as it now stands. In the first place, we remarked that this appearance by the motion, though called special, was in fact a general appearance, and by it this defendant appeared so far as she could appear. The motion challenged the judgment not merely on jurisdictional, but also on nonjurisdictional grounds, and, whenever such a motion is made, the appearance is general, no matter what the parties may call it in their motion. Such a general appearance to contest a judgment on account of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the judgment. A party cannot come into court and challenge its proceedings on account of irregularities, and, after being overruled, be heard to say that he never was a party in court, or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground. This is a familiar doctrine."

The court then considered the question that the defendant thus concerned was a minor, and could not in fact enter an apppearance by an attorney. There no service was had on the minor, and no guardian was ever appointed. In her motion she appeared by next friend, the manner, the court said, in which an action by a minor must be brought (citing Code). The court held that an appearance by a next friend could be made wherever

affirmative relief is sought.  The court announced its decision as follows:

"The true rule seems to be that whenever a minor in any court seeks affirmative relief such minor has a right to institute any action, or proceeding, appearing therefor by her next friend or guardian.  Such appearance, while not wholly within the strict letter of the statute, is clearly within its spirit, and is necessary for the rights of the minor."

The court then concluded as follows:

"We conclude, therefore, that this appearance of the minor by the motion was legal and valid, and that, having thereby entered a general appearance and challenged the judgment on nonjurisdictional grounds, she cannot after filing such motion be permitted to say that she was not in court, and not concluded by that judgment."

In *Barnett et al. v. Holyoke Mutual Fire Ins. Co.*, 78 Kan. 630, 97 Pac. 962, the defendants, save Margaret L. Barnett, were minors.  Margaret L. Barnett was their guardian.  Judgment 'foreclosing a mortgage was rendered against Margaret L. Barnett, who also was administratrix of her husband's estate, for the amount claimed to be due, and a decree of foreclosure was entered against all of the defendants.  The judgment and decree were taken by default, as none of the defendants made an appearance.  Afterwards the children filed a motion to vacate and set aside the judgment of foreclosure because:  First, failure to serve summons on them; second, that the court had no jurisdiction to render and enter such judgment because the plaintiff's petition failed to state a cause of action.  The motion was overruled, and an appeal was prosecuted.  It was argued that, the defendants being minors, the summons was not served upon them in the manner prescribed by statute, and that three of the defendants had no knowledge of the service of the summons.  This was not denied.  The court in passing upon the question said:

"In the view we have taken, however, the law insisted upon is unavailing in this case.  Whatever rights the defendants may have had to vacate and set aside the judgment and decree under the first ground of the motion have been waived by the second ground thereof, as it amounts to no more than a general demurrer, which does not raise a jurisdictional question.  It has long been

held by this court that an attack upon a judgment by a motion containing both jurisdictional and nonjurisdictional grounds constitutes a general appearance, the same as if an appearance had been made at the trial [citing cases]. This rule of law may appear to be a hardship in some instances, but in a case like this it seems to be both just and salutary."

It will thus be noted that in the two last cases the defendants affected were under a legal disability at the time of the rendition of judgment. These cases are therefore of particular importance in view of the fact that the plaintiff in error here was at the date the judgment was rendered against him presumably under a legal disability, that of insanity. No distinction, however, appears to be made between cases where the defendant was at the time laboring under some legal disability, such as infancy or insanity, and those cases where the defendant was *sui juris*.

In *Kaw Valley Life Association v: Lemke,* 40 Kan. 142, 19 Pac. 337, it was said:

· "But, as the question of service is not an important one as we view it, we will not decide this question; for whatever the service was it was cured by the appearance of the defendants after the judgment was rendered in the cause. By their motion to set aside the judgment, said motion being upon jurisdictional as well as nonjurisdictional grounds, they waived the question of jurisdiction, and made the defendants parties to the action, and this waiver binds them to that judgment as though they had originally appeared at the trial."

There the motion to vacate and set aside the judgment was predicated upon three grounds: First, that defendant had not been served with a summons as provided by law; second, that the plaintiff's petition did not state facts sufficient to constitute a cause of action against defendants; and, third, that the judgment was rendered against them not as sureties but as principals. In passing upon the sufficiency of the petition the court held it to be good, and said:

"This we think was a good petition, even if it had been challenged by demurrer, and it will not now be scrutinized with the same care that it would have been had it been attacked before judgment."

In *Neosho Inv. Co. v. Cornell et al.*, 60 Kan. 282, 56 Pac. 475, the defendant corporation, after judgment rendered against it by default, filed a petition for a new trial upon the ground that no service of summons had been had upon it, and also that no consideration was ever given for the note sued upon, and on which judgment was rendered. The court there said, after citing numerous early decisions of that state:

"The plaintiff in error earnestly contends that this petition for a new trial, being filed after judgment, cannot be construed into an entry or appearance in the cause, for the reason that the judgment was originally based upon void service, and was wholly inoperative to affect any rights or property of the defendant below. This contention cannot be sustained under the authorities."

The court then cites from *Association v. Lemke, supra,* and *Frasier v. Douglass,* 57 Kan. 809, 48 Pac. 36. The court said:

"Whether or not the objection was fatal we need not determine, as the appearance made by the defendant at the time he moved to set aside the service must be held to be a general one. In this sworn statement, which was coupled with the motion, the defendant alleged that he is the 'owner in fee and has the valid title to the land described in plaintiff's petition, filed in said case, and is in peaceable and rightful possession of the same, and that said plaintiff has no right or title thereto, or to its possession; and further says that the said land is of great value, to wit, of the value of $3,000. As will be readily seen, the plaintiffs set up matters that were nonjurisdictional, and had no bearing upon the motion which he had made. When the defendant alleges and submits to the court matters that are nonjurisdictional, he recognizes the general jurisdiction of the court, and waives all irregularities which may have intervened in bringing him into court. Whatever may have been the purpose of the defendant in alleging these matters, it is clear that they do not relate to the question of the service, or that of jurisdiction. Although not entirely formal, the averments relate to the merits of the controversy, and amount to a complete answer of the allegations of the petition. When the defendant set up matters and submitted questions which were not jurisdictional, he submitted himself and his rights to the jurisdiction of the court, and cannot be heard to say that it had no jurisdiction."

In *Meixell v. Kirkpatrick,* 29 Kan. 682, the court said:

"Now if Mathewson and Meixell were improperly joined as defendants, and if that fact was made to appear, and the single question of jurisdiction over Meixell was presented, it may be conceded that no jurisdiction over Meixell was made, and that the plea to the jurisdiction should have been sustained, but it is also true that the district court of Wilson county had ample jurisdiction over the subject-matter; and, when Meixell appeared in that court and by his pleadings raised questions other than jurisdictional, he thereby submitted himself and his rights to the jurisdiction of that court.  When served with summons, he appeared and filed a demurrer, which, while it alleged lack of jurisdiction, presented a number of other defenses on the merits.  Such plea by former adjudications of this court was equivalent to an appearance [citing numerous decisions of the Supreme Court of Kansas]."

In *Jones v. Standiferd et al.,* 69 Kan. 513, 77 Pac. 274, after foreclosure and sale, plaintiff in error filed a motion to vacate and set aside the sale on eight grounds.  The first challenged the court's jurisdiction over the persons of defendants.  Four others attacked the appraisement returned by the sheriff.  The fifth alleged that there was a combination between the bidders at the sale, which suppressed competition.  Another alleged that sufficient notice was not published, and another that no money was paid by the purchaser.  The court held that the attack on the sale so far as it was based on nonjurisdictional grounds was a general appearance in the case.

In *Gorham et al. v. Tanguerry et al.,* 58 Kan. 233, 48 Pac. 916, the defendants, upon whom there had been no valid service, appeared and attacked the jurisdiction of the court, and at the same time asked that an attachment which had been levied upon their property should be discharged upon the ground that the affidavit of plaintiff, made to secure the attachment, was insufficient.  It was held that, having appeared for other purposes and presented other considerations than those of jurisdiction, they made a general appearance, and gave the court general jurisdiction over them.  To the same effect is the opinion of the court in *Burnham v. Lewis,* 65 Kan. 481, 70 Pac. 337.  In *Thompson v. Pfeiffer,* 66 Kan. 368, 71 Pac. 828, service was

had on the defendants by publication. The affidavit for publication was defective. The defendant entered what he termed a special appearance and asked for a dismissal of the action, first, because the court had no jurisdiction to hear and determine the same; second, because the same was an action *in personam* to enforce a stockholder's double liability, imposed by statute, and could not therefore be determined in an action *in rem;* third, because the judgment on which said action was based had become dormant. The motion was overruled. The court said:

"The motion to dismiss, although designated as a special appearance, was in fact a challenge to the sufficiency of the averments of the petition. The first ground of the motion it is true was jurisdictional, but the second and third grounds invoked the judgment of the court upon the merits of the cause of action set up by the plaintiff. Where a defendant, purporting to limit his appearance, actually invites an inquiry as to the sufficiency of the bill, or upon a matter involving the merits of the controversy, he submits himself to the jurisdiction of the court, and waives defects in the process or in the means of bringing him into court. The defendant's motion converted the so-called special appearance into a general one, and the court was thereafter warranted in proceeding as though the original service had been complete and regular."

In *Johnson Loan & Trust Co. v. Burr et al.,* 7 Kan. App. 703, 51 Pac. 916, it was said:

"Here it is clear that plaintiff in error appeared generally and attacked the judgment on nonjurisdictional grounds; * * * among them being that the cross-petition did not state facts sufficient to constitute a cause of action, as well as several relative to the summons and to the fact that the petition was not properly amended. We think that by this general appearance plaintiff in error waived not only all objections to the summons, but also to the entering of judgment against it upon the cross-petition. In *Henderson v. Coke Co.,* 140 U. S. 26 [11 Sup. Ct. 691, 35 L. Ed. 332], it was held that where a person is made a party, if no process is served upon him, his voluntary appearance waives any error in the order making him a party."

It was said by the court in quoting from a former opinion:

"Such a general appearance to contest a judgment on account of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the juris-

diction." (*Baker v. Agricultural Land Co.,* 62 Kan. 79, 61 Pac. 412.)

We are aware that a number of courts of high respectability do not follow the rule laid down by this court and adopted and consistently followed by the Supreme Court of Kansas in the cases cited, and we believe that the rule should be confined rather than extended. However, the difficulty is one that may easily be avoided by the exercise of care in avoiding setting up other than jurisdictional grounds when relief is invoked. But what has plaintiff in error done in this case? Both in the first and second motions he attacks the sufficiency of the petition for various reasons. Under the authority cited, it will therefore be unnecessary for us to consider either the sufficiency of the affidavit for publication or the notice of publication, as the plaintiff in error by his motions to vacate, entered a general appearance in said action, and thereby waived irregularities that may have prior thereto existed, even though such proceedings were up to the time of said entry or appearance void. In other words, by his motions plaintiff invoked nonjurisdictional as well as jurisdictional relief. Had the plaintiff in error confined himself alone to attacking the jurisdiction of the court by reason of the alleged void service of publication, then it would be necessary to consider and determine the sufficiency thereof, but, having invoked the jurisdiction of the court to pass upon and determine the sufficiency of the petition to state a cause of action, he will be considered to have waived any rights which he may otherwise have had by reason of the service by publication.

Due to the zeal and earnestness of counsel for plaintiff in error and to the great value of the property involved, we have examined the authorities which we deem controlling at more than usual length, and have arrived at the conclusion stated after a careful and painstaking consideration of the law. We do not think that the question of Ziska's sanity at the time the judgment was rendered against him is of importance. If, as a matter of fact Ziska was still insane, the only legal appearance that he could make would have been through his guardian, while, if his sanity had been restored and he was *compos mentis,* then he

entered a general appearance and would be bound by the judg-
ment. Under the state of the record we cannot determine these
facts; none of the evidence being before us.

The remaining question is that of the sufficiency of the
petition of defendants in error Avey and Overholser. If the
petition does not state a cause of action, plaintiff in error has
not waived his rights in the premises, and should be entitled to
a hearing in the original action, unless for reasons not before us
at this time. The action is one doubtless brought by the pleader
under the provisions of section 4787, Wilson's Rev. & Ann. St.
1903 (section 6121, Comp. Laws 1909). Statutory actions to
determine adverse claims now exist in many, if not all the states,
and is the ordinary mode of trying disputed titles. The remedy
thus afforded is an improvement upon the old bills of peace, as
said in Pomeroy's Eq. Jur. sec. 735:

"The statute enlarges the class of cases in which equitable
relief could formerly be sought in the quieting of title. It is not
necessary, as formerly, that the plaintiff should first establish
his right by an action at law. He can immediately upon the
knowledge of such claim require the nature and character of
the adverse estate of interest to be produced, exposed and judi-
cially determined, and the question of title be thus forever
quieted."

In general it may be said that the action may be brought
against any person claiming an adverse interest of whatever kind.
It is said in Pomeroy's Eq. Jur. sec. 741:

"In accordance with the general rule relating to statutory
proceedings, it is sufficient if the bill of complaint embodies the
essential averments of the statute. It is sufficient to allege the
title or interest of the plaintiff in the land, and that he has the
possession thereof (where the statute requires the plaintiff to be
in possession). Under those statutes, where possession in the
plaintiff is sufficient, ownership in the plaintiff need not be
alleged. It is not generally necessary to allege the nature or
extent of the defendant's claim, nor is it necessary to point out
the defendant's estate therein. It is sufficient to aver that the
defendant claims an estate or interest in the property, hostile to
that of plaintiff, and that he has none."

In *Ely v. New Mexico & Arizona Ry. Co.,* 129 U. S. 291, 9 Sup. Ct. 293, 32 L. Ed. 688, Mr. Justice Gray, in speaking for the Supreme Court of the United States, said:

"The manifest intent of the statute, as thus amended, is that any person owning real property, whether in possession or not, in which any other person claims an adverse title or interest, may bring an action against him to determine the adverse claim and to quiet the plaintiff's title. It extends to cases in which the plaintiff is out of possession and the defendant is in possession, and in which, at common law, the plaintiff might have maintained ejectment. An allegation in ordinary and concise terms of the ultimate fact that the plaintiff is the owner in fee is sufficient, without setting out matters of evidence, or what have been sometimes called probative facts, which go to establish that ultimate fact; and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate or interest which he claims, the nature of which must be known to him, and may not be known to the plaintiff."

It will be noted that the Arizona statute permitted the maintaining of this character of action by the plaintiff whether in or out of possession, while our statute requires the plaintiff himself, or his tenant, to be in possession, in order to maintain an action. In *Castro v. Barry,* 79 Cal. 443, 21 Pac. 946, it was said that the action may be maintained by the owner of property to determine any adverse claim whatever, and that the plaintiff was not required to set forth the nature of the defendant's claim. This must be shown by the defendant, if he has one. The court held that the pleadings in such a case were very simple. Numerous authorities to the same effect are reviewed in this case. In *Stumph v. Reger,* 92 Ind. 286, it was said:

"In an action to quiet title, it is sufficient for plaintiff to aver that he is the owner of the land, and that the defendant claims title adversely to him. It is not necessary for the plaintiff to aver or prove the claim of title of the defendant. That is a matter of defense."

Section 4787, Wilson's Rev. & Ann. St. 1903 (section 6121, Comp. Laws 1909), is the same as section 569 of the 1862 Kansas Code (section 594 of 1868). In *Entreken v. Howard, Adm'r,* 16 Kan. 551, the Supreme Court in that state, in an

opinion by Brewer, J., held that in an action brought under the section mentioned, where the petition alleged in general terms that plaintiff was the owner and in peaceable possession of the land, describing it, and that defendant set up a claim and estate and interest therein adverse to the interest and estate of the plaintiff, and prayed that he be compelled to show his title and that it be adjudged null and void as to the plaintiff, was sufficient. True the question there was raised in collateral proceedings.

In *Cartwright v. McFadden,* 24 Kan. 667, it was said:

"The plaintiff below sets forth in his petition that he 'has the legal title to, and is in the peaceable possession of, the property in controversy,' describing it, and that the defendant 'sets up and claims an estate and interest in and to the said premises adverse to the estate and interest of the said plaintiff so as afore said;' and then prays that the defendant 'may be compelled to show his said title, and that it may be determined to be null and void as against the said title of the plaintiff.' "

Upon objection to the introduction of testimony on the ground that the petition did not state facts sufficient to constitute a cause of action against the defendant, the court said that the petition states a good cause of action under the statute. At least the petition should be held to be good when the objection is made in the manner it was made in the present case. Other authorities to the same effect are *Adler v. Sullivan,* 115 Ala. 582, 22 South. 87; *Amter v. Conlon,* 22 Colo. 150, 43 Pac. 1002; *Tolleston Club of Chicago v. Clough,* 146 Ind. 93, 43 N. E. 647; *Campbell v. Disney,* 93 Ky. 41, 18 S. W. 1027; *Scorpion Silver Min. Co. v. Marsano,* 10 Nev. 370; *Monighoff v. Sayre,* 41 N. J. Eq. 113, 3 Atl. 397; *Clark v. Darlington,* 7 S. D. 148, 63 N. W. 771, 58 Am. St. Rep. 835; *Glasmann v. O'Donnell,* 6 Utah, 446, 451, 24 Pac. 537. But in the following cases it was held that the nature of the defendant's claim or its invalidity must be shown: *McDonald v. Early,* 15 Neb. 63, 17 N. W. 257; *King v. Higgins,* 3 Ore. 407; *Page v. Kennan,* 38 Wis. 320. Following the rule announced in the authorities first above cited, and in many other cases referred to therein, we conclude that the plaintiff's petition did state a cause of action. The opinions, therefore, of this court in *Leforce v. Haymes,* 25 Okla. 195, 105 Pac. 644, *Internat'l*

*Harvester Co. v. Cameron,* 25 Okla. 256, 105 Pac. 189, *Wheatland Grain & Lbr. Co. v. Dowden,* 26 Okla. 441, 110 Pac. 898, and *Lewis et al. v. Clements,* 21 Okla. 167, 95 Pac. 769, are readily distinguishable, and the conclusion here reached is not in conflict with the general rule laid down by this court.

We are therefore of the opinion that the judgment of the trial court should in all things be affirmed.

By the Court: It is so ordered.