No. 20,087.

THE CAHILL SWIFT MANUFACTURING COMPANY, *Appellant*, V.
T. P. HAYES et al., *Appellee*.

### SYLLABUS BY THE COURT.

1.. MOTION—*To Set Aside Judgment—General Appearance—Waiver of Notice.* When a judgment is taken by default and a motion to set it aside is filed, service of notice of the motion is waived when the plaintiff appears and contests the motion on various nonjurisdictional grounds.

2. SAME—*No Appearance—Witness in Attendance.* One against whom a lawsuit is pending does not enter appearance therein when he is only in attendance in court as a witness duly served with a subpœna.

3. CITY COURT,—*Appearance Within the Hour—Jurisdiction.* A city court, having jurisdiction similar to that of a justice of the peace, does not lose jurisdiction of the parties under section 17 of the justices' civil code, which provides that a defendant is not bound to remain longer than one hour after the time fixed for his appearance, if the plaintiff does not appear, unless the evidence is clear and convincing that the plaintiff failed to appear within the hour.

4. SAME—*Case Not Entered on Unofficial Docket—Jurisdiction Not Lost.* When a defendant has been regularly sued and regularly summoned in a case regularly entered on the official docket of a city court the court does not lose jurisdiction of the defendant because the case against him is not entered on an unofficial trial docket prepared by the clerk of the court for the judge's convenience, nor because the judge by mistake tells the defendant that there is no case set for that date.

5. SAME—*Two Defendants—Judgment against Both Valid.* Where two defendants are sued in a city court as partners, and one of the defendants asks for and obtains a continuance of the case, the court does not thereby lose jurisdiction to render a judgment on a later date, to which the action was continued, against the codefendant who was present and ready for trial on the day and hour when the case was first set.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed April 8, 1916. Reversed.

*E. L. Foulke, C. A. Matson,* and *J. D. Wall,* all of Wichita, for the appellant.

*Glenn Porter,* of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff company sued T. P. Hayes and Louis M. Clark in the city court of Wichita, alleging that the defendants were partners and indebted to it for a sum of money for which it asked judgment.

The city judge, whose jurisdiction is much like that of a justice of the peace, issued summons directing defendant Hayes to appear at 8 o'clock a. m., on October 8, 1913. Hayes appeared and remained until 9 o'clock, when the cases set for that date were called. The case against Hayes was not called. The attorney for Hayes asked the judge if there was a case of *Cahill-Swift Manufacturing Company v. Hayes* set for trial on that date and the judge informed him that there was not. In this the judge was mistaken. There was such a case on the official docket, and the summons to defendant so advised him. The court had a trial docket in which the cases to be tried each day were entered by the clerk for the judge's convenience, and this case had been omitted from it. Sometime after 9 o'clock a. m. Hayes and his attorney left the court room and never returned.

After several continuances, a trial was had and judgment rendered against defendants Hayes and Clark, but it was not satisfactory to the plaintiff company, so it appealed to the district court, and there again a judgment was rendered against Hayes. No appearance was made in the district court by Hayes nor was he served with summons, but he was present and testified as a witness, having been brought there by subpœna. The judgment against Hayes in the district court was entered on March 24, 1914.

On February 27, 1915, Hayes filed a motion to set aside the judgment on the ground that no summons had been served on him, that the court had no jurisdiction to render judgment against him, and that the judgment was null and void.

No summons or notice of this motion to vacate the judgment was served on plaintiff or its counsel. When the motion was called for hearing, counsel for plaintiff objected for the reason that the court was without jurisdiction. The objection was overruled. Plaintiff's counsel, however, did contest the proceedings throughout, objected to the competency of evi-

dence, cross-examined the witnesses produced by Hayes to support his motion, demurred to the evidence, introduced the transcript of the city court proceedings, produced witnesses who testified for plaintiff, and introduced the files and records as evidence in opposition to the motion to vacate.

Defendant's motion to set aside the judgment was sustained. Hence this appeal.

We have mentioned in detail what was done by counsel for plaintiff after their objection to. the jurisdiction was overruled because it is not entirely clear whether they intend to assign error thereon or not. They mention the matter but do not press it, and we think that since all that was wanting was a notice of the motion, and since it was contested on other than jurisdictional grounds, it must be held that a general appearance was entered to resist it. (*Frazier v. Douglass*, 57 Kan. 809, 48 Pac. 36; *Investment Co. v. Cornell*, 60 Kan. 282, 56 Pac. 475; *Thompson v. Pfeiffer*, 66 Kan. 368, 71 Pac. 828; 3 Cyc. 511.)

It seems clear that where a person presents himself as a witness in response to a subpœna he does not thereby enter an appearance as a party litigant. In such case he appears by compulsion. The command to appear, *subpœna* (subject to punishment for disobedience), is not voluntary, and he waives no right by his obedience.

Since the city court is not a court of record, being merely that of a justice of the peace, the evidence of defendant touching what transpired there when he appeared on the day and hour mentioned in the summons was competent.

The appellee contends that the plaintiff did not appear within the hour mentioned in the summons for appearance in the city court, and that he was therefore entitled to depart *sine die*, and that the nonappearance of the plaintiff divested the court of jurisdiction. This contention would be good if this fact was established. (Jus. Civ. Code, § 17; *True v. Mendenhall*, 67 Kan. 497, 73 Pac. 67; *Dickinson v. Hoffman*, 90 Ill. App. 83; *Brady v. Taber*, 29 Mich. 199; *Todd v. Doremus*, 60 Hun [N. Y. Supr. Ct.], 385; *Sprague v. Shed*, 9 Johns. [N. Y.] 140; 24 Cyc. 487.)

But the difficulty on this phase of the case is that we can find not a syllable of evidence showing that the plaintiff did

not appear at the time set for the trial in the city court. Anxious not to disturb the judgment of the district court, we have resorted to the transcript and to the files of both courts below and have considered the matter from every possible angle. Some evidence tended to show that the defendant was present when counsel for his codefendant asked and obtained a continuance until the next day. Some evidence tended to show that counsel for the plaintiff was present when the attorney for Clark, the codefendant, applied for a continuance. This attorney testified that he was present, that he recollected that Clark's attorney asked for a continuance. He said:

"I asked for judgment which was not allowed. I know I was not allowed to take judgment. The court would not allow it."

The district court was within its discretion to disbelieve this testimony, but since there is a total want of affirmative evidence tending to show the absence of the plaintiff or his attorney in the city court of Wichita on October 8 at the hour when the case was to be called for trial or lawfully continued, the motion to set aside the judgment could not be sustained on that ground. Neither could it be sustained on the ground that the city judge said that there was no case on the docket against Hayes set for that day. In all probability the judge's answer was based on the fact that the case had been continued on the application of Hayes' codefendant.

Since the city court had jurisdiction of appellee by lawful summons, and it is not shown on any ground that this jurisdiction was lost, the motion to vacate the judgment in the district court should have been overruled, and this case is reversed with instructions to that effect.