No. 22,886.

THE STATE OF KANSAS, *Appellee*, v. J. A. HANGER, *Appellant*.

SYLLABUS BY THE COURT.

1. INTOXICANTS—*Having Intoxicants in Possession—Sufficient Evidence.* There was evidence sufficient to prove that the defendant had intoxicating liquor in his possession.

2. SAME—*Evidence of a Sale Competent to Show Possession.* On a charge of unlawfully having possession of intoxicating liquor, it is proper to prove that the person charged did, on the day that the liquor was found, sell intoxicating liquor of the same kind at the same place.

3. PRACTICE—*Trial Court May Admonish Witness.* A trial court may admonish an evasive witness to answer questions truthfully.

4. SAME—*Court May Instruct Clerk to Properly Swear Witnesses.* It is not error for a court to instruct the clerk to properly swear the witnesses.

5. SAME—*Evidence of General Reputation—Instruction to Witnesses.* It is not necessary for a trial court to instruct witnesses called to prove general reputation for truth and veracity how to answer questions, but if such instructions are given and are given correctly, no error is committed.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed December 11, 1920. Affirmed.

*Edward T. Riling*, and *John J. Riling*, both of Lawrence, for the appellant.

*Richard J. Hopkins*, attorney-general, and *J. B. Wilson*, county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment of conviction for unlawfully having intoxicating liquor in his possession in violation of section 1 of chapter 215 of the Laws of 1917, the "bone-dry law."

1. The first contention of the defendant is that the evidence was not sufficient to prove that he had intoxicating liquor in his possession. The evidence on that question may be summarized as follows. The sheriff testified that he found four quarts of whisky under the cushion in the back seat of the

defendant's automobile at his father's home; and that the defendant said that the whisky and automobile were his. Another witness testified that on the same day he bought a bottle of whisky from the defendant, for which the witness was to pay the defendant fifteen dollars. Another witness testified to the same purchase of liquor. Some of the evidence concerning the purchase of whisky was evasive and equivocal, but all the evidence was amply sufficient to prove that the defendant had intoxicating liquor in his possession.

2. Another complaint of the defendant is that the court erroneously permitted the state to introduce evidence to prove the sale of intoxicating liquor. That evidence tended to show that at the place where the liquor was found, and on the same day, the same kind of liquor was sold by the defendant. In *The State v. Reed,* 53 Kan. 767, 37 Pac. 174, this court said:

"As a general rule, testimony tending to show the commission of another offense than the one charged is not admissible; but where such other offense is intimately connected with the one charged, important proof tending to establish the latter cannot be excluded because it may tend to prove the defendant guilty of the other offense." (Syl. ¶ 6.)

(See, also, *The State v. Folwell,* 14 Kan. 105; *The State v. Adams,* 20 Kan. 311; *The State v. Labertew,* 55 Kan. 674, 41 Pac. 945; *The State v. Hansford,* 81 Kan. 300, 106 Pac. 738; *The State v. Wheeler,* 89 Kan. 160, 165, 130 Pac. 656.)

The evidence of the sale of liquor tended to prove that the defendant knowingly had the liquor in his possession, and it was therefore competent.

3. Complaint is made of the conduct of the court toward the witnesses who testified to the purchase of whisky from the defendant. Those witnesses pretended not to know what it was they bought. The court sharply admonished them to tell what the liquor was. There was no error in so doing. (*The State v. Eldred,* 8 Kan. App. 625, 56 Pac. 153; *The State v. Marshall,* 95 Kan. 628, 148 Pac. 675.) There is no reason for a trial court's permitting a witness to testify that he does not know whether or not a liquor bought by him to drink as a beverage was whisky. Men who drink whisky recognize it when they drink it; they know whether it is whisky or not; and equivocation on that question should not be permitted in a court of justice.

The State v. Hanger.

4. Complaint is made of a remark of the court when the witnesses for the defendant were sworn; the court said that he wanted the witnesses properly sworn. There was nothing improper in the remark. It may have been unnecessary, but it was not in any way prejudicial to the defendant.

5. The defendant testified in his own behalf and put witnesses on the stand to prove that his general reputation for truth and veracity was good. Those witnesses were confused about how to answer the questions asked. The court instructed some of the witnesses concerning the questions, but even then they were confused. Complaint is made that the instructions by the court to the witnesses were not full and complete. It was not incumbent on the court to inform the witnesses how to answer the questions, although the information given was correct. What the court did was voluntary, and was not prejudicial to the defendant.

One witness to the reputation of the defendant, in response to the question, "Is it good or bad?" testified, "I have never talked about his reputation with any one, but the way he acts around there, I would say, yes." The court said: "Oh, no, no, no. You can't tell whether a man is going to tell the truth by the way he acts." There was no error in what the court said. The witness immediately thereafter testified: "Never talked with any one about his reputation." "Q. You never heard it questioned? A. I never heard it questioned." That evidence was competent and was admitted.

The evidence of another witness is abstracted as follows:

"Q. Mr. Johnson, do you know what his general reputation is in this community for truth and veracity? You have to answer that, yes or no. A. Why, I don't know, anything only he was a right good neighbor, and I never heard anything wrong about him in any shape."

That was stricken out. The witness further testified:

"Q. Mr. Johnson, you have to answer yes or no. Do you know now what his general reputation is in this community for truth and veracity? A. I think his reputation is good."

The last answer did not respond to the question, but it was competent and does not appear to have been excluded.

Other complaints are presented, but they are without merit.

The judgment is affirmed.