No. 24,042.

JOHN A. HANGER, *Appellant*, v. J. R. WOODWARD, as Sheriff of Douglas County, *Appellee*.

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Seizure of Automobile by Sheriff Without Warrant—Warrant Subsequently Obtained—Possession Under Warrant Lawful.* Where a sheriff seizes an automobile in which he has found intoxicating liquor concealed and holds it without process for about an hour, during which time he obtains a warrant on his own complaint charging that it had been used in transporting intoxicating liquor, although it be assumed that he had no right to take the car before he had obtained the warrant, nevertheless from that time his possession is lawful, notwithstanding a trial results in a judgment for the return of the car to its owner, the court finding that the charges with respect to its use were not sustained.

2. SAME—*Appeal Stays Execution of Judgment.* In the situation stated in the foregoing paragraph an appeal by the state stays the execution of the judgment releasing the car and entitles the sheriff to its continued possession during the pendency of the appeal.

3. SAME—*Seizure of Automobile—Neither Malice nor Want of Probable Cause Shown.* It is held that whether or not a sheriff is entitled to the same immunity as public prosecutors from liability in an action for malicious prosecution, the evidence in this case has no tendency to show either malice or want of probable cause.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed December 9, 1922. Affirmed.

*George K. Melvin*, and *R. E. Melvin*, both of Lawrence, for the appellant.
*C. A. Smart*, and *A. C. Wilson*, both of Lawrence, for the appellee.

The opinion of the court was delivered by

MASON, J.: John A. Hanger brought an action against J. R. Woodward, as the sheriff of Douglas county, asking damages by reason of the defendant, as such officer, having seized and held an automobile belonging to the plaintiff, under a claim that it was taken while being used in violation of the prohibitory law. An in-

structed verdict was returned for the defendant, and the plaintiff appeals.

The material facts, as shown by the undisputed evidence and admissions, may be thus summarized: On November 10, 1919, the defendant, while looking for a stolen automobile, entered the barn of the plaintiff in the south part of Lawrence and found some intoxicating liquor in his car under the back seat—according to the record in the case cited below, four quarts of whisky. He took possession of the liquor and the car, arrested the plaintiff, went to the county attorney's office and procured a warrant for the arrest of the plaintiff on the charge of having intoxicating liquor in his possession, and a warrant for the seizure of the car as having been used for the transportation of liquor. The plaintiff was convicted, and the conviction was affirmed on appeal. (*The State v. Hanger,* 108 Kan. 115, 193 Pac. 1052.) On the trial of the question whether the car had been used for the transportation of liquor the court found that it had not been so used and ordered it restored to the owner, the present plaintiff. The state appealed from this decision, and the appeal was dismissed for want of prosecution November 5, 1920. The car was returned to the plaintiff on that day.

The plaintiff contends that the original seizure of the car was wrongful; that the subsequent obtaining of the warrant against it did not render the sheriff's possession lawful; that if the court should hold to the contrary on the latter proposition, at all events the sheriff had no right to retain the car after the decision by the district court that the charge of its having been used in the transportation of liquor was not sustained; and that the action of the sheriff showed malice, oppression and abuse of process.

1. The trial court held that the sheriff had no right to take the car without a warrant, but after obtaining the warrant his possession became lawful and continued so until the dismissal of the state's appeal. The plaintiff, upon the announcement of this view, stated that he did not care to take up time in proving damages for the wrongful detention of the car for the hour or so prior to the obtaining of the warrant, but would test the correctness of the court's ruling with regard to the defendant's right to hold the car from that time on. The question of the validity of the original seizure is therefore not before us except as it might affect the legality of the subsequent holding. Assuming for the purposes of the case that the sheriff had no right to take the car without a warrant, this did not

prevent his lawfully holding it under the warrant after its issuance. Where a creditor caused the property of his debtor to be seized on Sunday under an order of attachment, and on the next day had an alias order issued and served, it was held that the second levy was not void, but at most only voidable, and could be challenged only by direct proceedings to set aside the service. (*Blair v. Shew,* 24 Kan. 280.) In an action brought by the attachment defendant he was allowed to recover exemplary as well as compensatory damages for the levy made on Sunday, on the theory that the seizure was malicious and in pursuance of a conspiracy to detain the property within the jurisdiction of the court until Monday. The jury also allowed him damages for the detention of the property under the second levy, but the trial court refused to give judgment for him on this part of the verdict. On appeal by both parties the judgment was affirmed, the ruling with respect to the damages disallowed by the district court being based, however, upon extraneous matters not affecting the general question of the right of recovery under the circumstances stated. (*Morris v. Shew,* 29 Kan. 661.) In *Stewart v. Martin,* 16 Vt. 397, where a constable who had wrongfully levied upon cattle out of his local jurisdiction, after bringing them into his own township made another levy under the same writ, the second levy was held to be lawful. (See, also, *Morrison v. Crawford,* 7 Ore. 472.) The plaintiff here has much less basis for claiming damages for the detention of his property after the warrant was issued than the plaintiff in *Morris v. Shew* had with respect to the second levy. It is not suggested that if the sheriff had not taken possession of the car at once it would have been spirited out of the jurisdiction of the court before the warrant for its seizure could have been issued and served, and such suggestion could hardly be made in support of the plaintiff's plea for the enforcement of his legal rights. The service of the warrant was not, as in the case of the writ of attachment, made possible by the prior illegal seizure of the property. The mere moving of the car from the plaintiff's barn to another part of the city was not essential to the service of the warrant. It could have been served at either place. The invasion of the plaintiff's rights in the matter was merely technical, justifying no more than nominal damages. The fact that the warrant was issued upon information furnished by the sheriff and upon his complaint does not affect its validity or force. From the time it was levied the property was in the custody of the law and the sheriff's possession was rightful.

Upon a related question, in the course of a discussion of liability for false imprisonment, it has been said: "If the arrest was illegal only because made before the issuance of a warrant, the plaintiff can recover damages only for his detention till the time when he was turned over to an officer holding a valid warrant." (11 R. C. L. 820.) The cases are not unanimous on the subject (Note, 19 Ann. Cas. 971) but we regard that view as the more reasonable.

2. The decision by the district court against the state in the proceeding for the condemnation of the car did not render the sheriff's possession unlawful, or alter the previous situation in that regard, for the taking of the appeal stayed the execution of the judgment. (Laws 1919, ch. 217, § 5.)

3. In this state the official prosecuting attorney is, upon grounds of public policy, exempt from liability for malicious prosecution. (*Smith v. Parman,* 101 Kan. 115, 165 Pac. 663.) In view of the diligence required of sheriffs in the enforcement of the prohibitory law it might well be argued that the same immunity should extend to them. It is not necessary now to go that far. We discover nothing in the evidence to indicate either malice or want of probable cause in the bringing of the proceeding against the automobile, notwithstanding the result of the investigation was to restore it to the plaintiff.

The judgment is affirmed.