No. 24,954.

THE STATE OF KANSAS, *Appellee*, v. CHARLES E. CARR, *Appellant*.

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Charges of Maintaining Nuisance, Selling Liquors, and Use of Automobile for Unlawful Purpose, Properly Included in One Information.* It is not improper to include in an information a charge against the accused for maintaining a common nuisance by keeping and selling intoxicating liquors in and from an automobile and also a charge against the automobile that it was used for the unlawful purpose.

2. SAME—*Information and Warrant sufficient to Authorize the Seizure and Forfeiture of Automobile.* Where the charges were sufficiently alleged in the information and a warrant issued commanding the arrest of the defendant under which the defendant was arrested and the automobile seized and brought into the custody of the court, and upon a trial of the offending car it was adjudged that the automobile be forfeited, the judgment is not invalid by reason of an omission in the warrant of an express direction for the seizure of the automobile.

3. SAME—*Other Objections Without Merit.* Other objections examined and held to be without material error.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed October 6, 1923. Affirmed.

*J. W. Ward*, of Wichita, for the appellant.

*C. B. Griffith*, attorney-general, *John F. Rhodes*, assistant attorney-general, *W. A. Blake*, county attorney, *H. C. Castor*, and *J. W. Wood*, assistant county attorneys, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment declaring the forfeiture and confiscation of a Ford car used in the transportation of intoxicating liquors and maintaining a common nuisance therein.

The contention is that the judgment is without effect because the warrant under which the seizure was made did not command the officer to seize the car. An information was filed charging in one count that the defendant, C. E. Carr, was unlawfully in possession of several bottles of whisky and wine, and in the second count that a certain Ford touring car was used to transport intoxicating liquors, and also that he was maintaining a common nuisance therein, in that intoxicating liquors were kept for barter and sale, and to which persons were permitted to resort for the purpose of drinking intoxicating liquors. The warrant recited at length the charges in the information and concluded with a command to the sheriff to arrest the defendant and bring him before the court to answer the charge. While the illicit use of the car in transporting liquor and as a common nuisance was fully stated in the warrant substantially in the terms used in the information, the warrant did not expressly direct the seizure of the car. It was seized by the officer at the time of the defendant's arrest and later a return was filed by the sheriff stating that he had executed the warrant by arresting the defendant and seizing the Ford car, together with certain liquors which he had brought before the court. The warrant as well as the information contained full recitals as to the guilt of the Ford car. It has been held that an automobile, like a person, can be guilty of offenses. (*United States v. Rembert*, 284 Fed. 996.) Two charges were made against the car in the information, one that it was used for the transportation of intoxicating liquors, and another that it was used as a place in which liquors were kept for barter and sale, so that it became a common nuisance. No reason is seen why both charges may not be included in the same information and warrant. (Gen. Stat. 1915, § 5527, Laws. 1919, ch. 217.) The warrant was only defective in respect to the order of seizure. The basis for an order of seizure was fully set forth and the officer interpreting it as complete seized the car under the warrant. Under the informal warrant the seizure was made and the car was brought into the custody of the court. By the information and warrant the

owner was informed of the charge made against the car and himself. He knew that physical custody of it had been taken, and had an opportunity to show whether or not it had been used for the illicit purposes charged. Having been brought into the custody of the court, even in this informal way, that tribunal had jurisdiction to determine whether or not it had been used in violation of law and was subject to forfeiture. There was no unlawful search and no occasion for a search to be made. The liquor which was sold was openly taken from the car, and finding the car to have been used in violation of law, the officer was authorized, with or without a warrant, to arrest the defendant and seize the offending car. (*United State v. Rembert,* supra.) To uphold the contention that the court could not investigate the uses made of the seized car would be to sacrifice substantial merits to a mere matter of form.

If the car had been seized by the officer without a warrant his holding of it after the issuance of a warrant would not have been unlawful. (*Hanger v. Woodward,* 112 Kan. 388, 210 Pac. 1114; *State v. Quinn,* 111 S. C. 174, 97 S. E. 62.) Here, however, the information upon which the trial was had was amply sufficient and the warrant under which the seizure was made was only technically defective and hence there is no substantial ground for complaint. The car was in the custody of the law when the trial was had and the evidence is found to be sufficient to uphold the finding and the judgment of the trial court. (*The State v. Lee,* 113 Kan. 462, 215 Pac. 299.) There is no claim here that the officer in making the seizure was a trespasser and, therefore, liable in damages for it, and the defendant also frankly states that he is not insisting that there was an unreasonable or illegal search of the car. His complaint is rather that the defect in the warrant precluded a forfeiture of the offending car, the guilt of which was tried and adjudged by the court.

The evidence is sufficient to show that the car was a place kept by the defendant for the sale of intoxicating liquors, and also that it had been used for the transportation of such liquors in violation of law. The defendant's own admissions as given in the testimony were sufficient to sustain the findings and judgment of the court.

Some objections are made to rulings on the admission of testimony, but they are manifestly free from material error.

The judgment is affirmed.