No. 29,719.

THE BREON-ARMOLD MOTOR COMPANY, *Appellant,* v. NEIL FULLER
et al., *Appellees.*

(298 Pac. 1066.)

Opinion filed May 9, 1931.

*C. A. Walsh, Jr.,* of Concordia, for the appellant.
*R. L. Hamilton,* of Beloit, for the appellees.

The opinion of the court was delivered by

SMITH, J.: The action was for replevin of an automobile. Defendant filed answer and cross petition. He recovered the value of the automobile and damages for money expended for attorney fees and punitive damages for malicious prosecution of the suit. Plaintiff appeals.

The appellant sold an automobile to a man by the name of Parsons, who paid part of the purchase price in cash and gave a mortgage on the car for the balance. The mortgage contained a provision that in case the mortgagee should deem itself insecure it would have the right to seize the car. The petition alleged the sale; the giving of the note and mortgage; the fact that payments were due and had not been paid; that the mortgagee had parted with possession; that appellee was in possession and refused to give up the car to appellant. A writ of replevin was issued and the sheriff took the car into his possession. The appellee answered that he had come into possession of the car by buying it when it was sold by the sheriff of Mitchell county in condemnation proceedings, where it was charged that the car had been used in the

transportation of liquor. At the same time he filed a cross petition in which he claimed damages against the plaintiff on account of the alleged malicious prosecution of the action. Appellant filed a motion to strike this cross petition from the files for the reason that it purported to set forth a claim for malicious prosecution of an action which was pending and undetermined. Later the county was made a party to the action at the request of appellee and filed its answer to the petition. Appellant filed a demurrer to the answer of the county commissioners.

With the issues made up as just detailed the case came on for trial.

The appellant made its opening statement in which the facts were detailed about as they have been given here. At the close of this statement Neil Fuller, the appellee, and the county commissioners moved for judgment for the value of the car on the pleadings and opening statement. During the argument of this motion the court considered the proceedings that had been had in the condemnation case, so it will be necessary to examine them here. If the judgment of the court under which the car was sold was void the appellant should prevail, and if it was merely voidable, then the appellee should prevail on that branch of the case.

The action was entitled "*The State of Kansas v. A Described Automobile.*" No person was named as defendant. The action was started on July 13, 1929. A warrant was issued on that day. It did not command the sheriff to arrest any person and was not returned until October 1, 1929. At the same time the sheriff certified a paper attached to the warrant to be a copy of a notice which purported to have been issued by the clerk of the court on July 13. It does not bear the seal of the court and is not signed by the clerk. However, the original notice was signed by him. It was issued on July 13 and fixed September 10 as the last day in which to answer. Appellant insists that this only gives a period of fifty-nine days instead of the sixty required by the statute. This will be treated later. The judgment of forfeiture in the case was issued four days before the return of the warrant. This order was signed by the court. It does not bear the seal of the court. On the same day that this order was made and three days before the car was sold the court made an order confirming the sale.

All the above alleged defects were pointed out by counsel for appellant on the argument of the motions for judgment on the pleadings and opening statement.

At the close of this argument the court sustained the motion of appellee and entered judgment for him for $800, the alleged value of the car.

The court then proceeded with the trial of the cross-petition of appellee against appellant. Opening statements were made and witnesses examined. At various stages in the trial appellant made appropriate motions to take the case from the jury and for judgment. These motions were overruled. The jury returned a verdict for defendant on his cross-petition for $225 attorney fees and $300 punitive damages for malicious prosecution. Judgment was rendered accordingly. Appellant concedes that the evidence introduced by appellee was in all respects sufficient to sustain the verdict and judgment rendered if the cross-petition could be properly considered in the action. That leaves only the question of law as to whether the cross-petition was properly considered.

This is a collateral attack upon a judgment. The rule is that there are three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person and the power or authority to render the particular judgment. (1 Freeman on Judgments, 5th ed., 444; *Simington v. Cubberly,* 132 Kan. 199, 294 Pac. 908.) What one of these elements is lacking here? Certainly not the jurisdiction of the subject matter. District courts have been confiscating cars with the approval of this court for years. For the same reason we conclude there can be no doubt that there was ample power and authority to render the particular judgment. That leaves the question in this case, then, whether or not the district court had jurisdiction of the person, or since this is a judgment *in rem,* of the *res.*

Appellant urges that the court below erred in taking judicial notice of the pleadings, files and orders in the confiscation case. That case had taken place in the same court before the same judge. Counsel for appellant was asked by the court whether the car in question was the car that was in the confiscation case and whether the files and orders in that case were the records of the court before which this action was pending. These questions were answered in the affirmative. Whereupon the court took judicial notice of these proceedings. We fail to see where appellant was prejudiced by this action. The case turns upon the question of jurisdiction. That in turn will be decided on the question of whether there are any such

defects in the warrant, its manner of service and return, the notice that is required, the order of sale and sale as warrant this court in saying that the purported judgment was no judgment at all. Appellant does not point out in its brief any evidence that it could have furnished other than the files in the confiscation case that would throw light on this case. We conclude, therefore, that appellant was not prejudiced by the action of the court in taking judicial notice of the confiscation proceedings.

Appellant urges first that the court did not acquire jurisdiction of the car in this case because no person was named in the information and the warrant did not command the sheriff to arrest any person, but simply to seize the car. The rule in this state is that an automobile can be guilty of an offense. (*State v. Carr*, 114 Kan. 442, 218 Pac. 1007; *United States v. Rembert*, 284 Fed. 996.)

A further answer to this contention lies in the language of the statute. There it is provided that within forty-eight hours after the return of the warrant for the seizure of any automobile a notice shall issue in the same manner as a summons, directed to the defendant in the action and to all persons claiming any interest in the automobile. The statute then provides for this notice fixing a time not less than sixty days for answer. It provides for service of this notice the same as a summons and for a posting of it in some public place in the county.

As to the contention raised by appellant just referred to, it seems clear that the intention was that confiscation of the car could go on whether any arrest was made or not, else why would the act have provided for the notice "whether an arrest was made or not"? What the legislators had in mind was that occasionally an automobile would be captured by peace officers and the driver would flee and not be apprehended. It was surely the intention of the legislature that in a case of that kind the car could be confiscated anyway.

Probably the objections of counsel would have been met had the county attorney had recourse to our two old friends, John Doe and Richard Roe, but what good would that have done appellant here? We fail to see where this omission prejudiced appellant in the least.

Appellant next urges that the judgment of confiscation is void because the sheriff did not return the warrant till October 1, more than eighty-two days after it was issued. No decisions are pointed out by counsel where it is held that this is such a defect as would render this judgment void, nor can we find any.

Appellant complains because the notice required by the statute was not styled as process. This notice had the heading "notice" at the top. That is what the statute calls it. That is what it is.

Complaint is made that this notice was issued on the same day as the warrant instead of within forty-eight hours of its return. The provision with reference to the notice being issued within forty-eight hours of the return of the warrant is for the purpose of preventing the seizure of automobiles and the keeping of them for a long time before an attempt to confiscate. The issuing of this notice on the same day as the warrant certainly did not prejudice appellant.

Complaint is made that the return of the sheriff showed that he posted the notice and that he served it on certain persons. Appellant points out that the sheriff attached a copy of this notice to the warrant when he made his return on it and that the seal does not appear on the copy of the notice that is attached to the warrant, and that it fixed a period of fifty-nine days in which to answer. Appellant insists that on account of these things the notice should never have been considered by the court, and that there was nothing before the court in the present case by which it could be said that the court had jurisdiction in the confiscation case.

The trouble with all these defects is that they should have been pointed out by appellant by an appropriate motion in the confiscation case. It appears plainly from the record that appellant had actual notice of the condemnation proceedings, and since it had this notice and sat by and let the case go to judgment and the car be sold it cannot now attack that judgment collaterally. (*Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80; *Blair v. Blair,* 96 Kan. 757, 153 Pac. 544.)

There are other irregularities urged in the brief of appellant. These have been examined and under the authority of R. S. 60-3317 and *Elfert v. Elfert,* 132 Kan. 218, 294 Pac. 921, it is held that they are technical irregularities and not sufficient grounds for holding a judgment based thereon void. It follows that there was no error committed by the court in sustaining the motion of the appellee for judgment on the pleadings and opening statement.

This brings us then to the question of the cross petition of defendant. As has been seen, this cross petition was filed in the replevin case. The basis of it was that the replevin suit was maliciously brought. It was, of course, filed before the outcome of the suit, which it was alleged was maliciously brought, could have been

known. This cannot be done. (*Harper v. Cox*, 113 Kan. 357, 214 Pac. 775; *Buchanan v. Insurance Co.*, 108 Kan. 520, 196 Pac. 249; *Investment Co. v. Burdick*, 67 Kan. 329, 72 Pac. 781.)

The motion of appellant to strike the cross petition from the files should have been sustained. The judgment of the court below for defendant on the pleadings and opening statement is affirmed; that part of the judgment awarding damages to defendant on his cross petition is reversed.