No. 30,872.

RALPH BARRETT, *Appellant*, v. FRED HURD, *Appellee*.

(18 P. 2d 184.)

Opinion filed January 28, 1933.

*F. Dumont Smith, Eustace Smith* and *Claude E. Chalfant,* all of Hutchinson, for the appellant.

*Harold Payne,* of Kinsley, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action of replevin for an automobile. Judgment was for defendant. Plaintiff appeals.

The petition alleged the execution of a note and the giving of a mortgage on the automobile in question by Charles Wettig. It further alleged the failure of Wettig to pay the note and the special ownership of plaintiff in the automobile. The petition further alleged that defendant was in possession of the automobile and refused to deliver it to plaintiff on demand.

The answer was a general denial.

At the trial the court held the burden of proof was on defendant. Defendant proceeded to introduce the records of a case entitled *State v. Charles Wettig.* This was a case in which the car in question was confiscated and sold under R. S. 21-2162 *et seq.*, on account of being used in the transportation of intoxicating liquor. These records show that the car was sold as a result of the judgment in that case and bought by defendant. Plaintiff demurred to the evidence of defendant. This demurrer was overruled. It is this ruling which plaintiff assigns as error.

The statute under which the confiscation proceedings were had is as follows:

"Whenever any . . . automobile . . . shall be seized . . . a notice shall issue within forty-eight hours after the return of the warrant in the same manner as a summons, directed to the defendant or defendants in such action and to all persons claiming any interest in said . . . automobile . . . fixing a time . . . and place at which all persons claiming any interest therein may appear and answer the complaint made against such . . . automobiles . . . and show cause why the same should not be adjudged forfeited . . . Such notice shall be served upon the defendant or defendants in the action in the same manner as a summons if they be found within the jurisdiction of the court, and a copy thereof shall also be posted in one or more public places in the county in which the cause is pending. . . ." (R. S. 21-2164.)

The notice given was as follows:

"Notice.

"To the defendant Charles Wittig, and all persons claiming any right in or title to one certain four-door DeSoto sedan automobile, motor No. B. K. 63290, serial No. K. Y. 524 R. Tag No. 59-828, a more accurate description of which cannot be given:

"You and each of you will take notice that the State of Kansas has on the 9th day of February, 1931, filed an action in the district court of Edwards county, Kansas, charging that the above described automobile has been and is now used in maintaining a liquor nuisance in this state, therefore constituting a common nuisance.

"That unless you answer in said court on or before the 18th day of May, 1931, and show cause why the same should not be adjudged forfeited and ordered sold, the allegations of the plaintiff will be considered as true, and said automobile will be forfeited and sold according to law."

The return of the sheriff on this notice was as follows:

"Received This Writ on the 11th day of February, 1931, at 10 o'clock a. m.

"I cannot find the said defendant Charles Wittig in my county.

"And also, I posted a copy of said notice in each of the following described public places in said county of Edwards, and state of Kansas, to wit:

"On Bill Board in court house and one in Young's Garage. Where car is stored on 2/11/31."

Appellant argues that since he held the mortgage on the car in question, and it was recorded in the county where the trial took place that he was a person "claiming any interest in said automobile" and that he should have had a notice served upon him personally under the terms of R. S. 21-2164. What the argument amounts to is that the words "directed to the defendant or defendants

in such action, and to all persons claiming any interest in said automobile" means that the notice must be served personally upon these persons just as a summons is served.

The attack on the judgment is a collateral one. If the judgment confiscating the car was void, then appellant should prevail here. If it was not void, then this appellee should prevail.

An action to confiscate a car is an action *in rem*. It can be maintained even though no person is arrested when the car is seized. (See *Breon-Armold Motor Co. v. Fuller,* 133 Kan. 62, 298 Pac. 1066.)

It is a special statutory proceeding. (See *State v. Lee,* 113 Kan. 462, 215 Pac. 299.) It was there held that the constitutional guaranty that the right of trial by jury shall be inviolate has no application to a proceeding under this statute.

In an action *in rem* the legislature may provide for constructive service. The statute in question provides what publication shall be had. The evidence shows that this statute was complied with by posting a copy of the notice in two prominent places in the county. The statute contemplates that when the notice is posted any person interested in the car will file his answer in writing. The trial then occurs on the complaint and the answers of interested persons, if anyone files an answer. In 34 C. J. 535, § 838, it is said:

"A judgment rendered on constructive service of process, the requirements of the statute having been complied with, is as much protected against collateral impeachment as any other, and it cannot be shown collaterally that . . . the published notice did not in fact come to the knowledge of defendant."

In this case the record discloses that the requirements of the statute were met. The judgment is not void and the demurrer to the evidence of appellee was properly overruled.

The judgment of the trial court is affirmed.

THIELE, J., not participating.