No. 31,397

Peter Carl Matthies, *Appellee,* v. The Union Products Company, *Appellant.*

(36 P. 2d 89.)

Opinion on rehearing filed October 6, 1934. (For original opinion of affirmance see 138 Kan. 764, 29 P. 2d 754.)

*Arnold C. Todd, Julian E. Ralston, Ralph Gore* and *James G. Norton,* all of Wichita, for the appellant.

*Chester I. Long, W. E. Stanley, Claude I. Depew, W. C. Hook* and *Albert P. Blase,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: It is stated that the opinion rendered in the case carries the idea that the written motion set forth nonjurisdictional as well as jurisdictional grounds. The opinion states that the motion to vacate the judgment alleged the jurisdictional ground that the service upon the defendant was insufficient. There was a contention that the petition did not state a cause of action against the defendant. The written motion did not state nonjurisdictional grounds, but when the question came up for argument, counsel for defendant stated his request in this way:

"First I maintain that this petition does not state a cause of action against either of the defendants, and therefore a judgment rendered on the petition that does not state a cause of action, is void. I am also maintaining that the service is defective in so far as the corporation is concerned."

Both grounds had been submitted to the court, and in their brief counsel make a long written argument in support of the claim that the petition failed to state a cause of action. Whether the nonjurisdictional ground was stated in writing or orally, the waiver is complete. It should be said that the statement in the opinion is open to the inference that the written motion contains the allegation that the petition did not state a cause of action. When counsel orally asked the court to set aside the judgment because the petition did not state a cause of action and applied it to the several causes of action alleged in the petition, he thereby waived the jurisdictional ground he had alleged. Throughout the history of the court we have

in a long line of decisions uniformly held that when a party sets forth both jurisdictional and nonjurisdictional grounds, orally or in writing, there is a general appearance and a waiver of the jurisdictional grounds.

Counsel for defendant insisted at the end of the hearing that the question of nonjurisdictional ground should be decided, and the court responded by saying that he was deciding it upon both grounds. That decision shows what was before the court for determination and what had been before the court from the start of the hearing.

The decision is adhered to.

HARVEY, J., dissenting.