No. 36,978 and No. 37,008

THE STATE OF KANSAS, *Appellant,* v. SAMUEL EDWARD GREER, ELLEN
   J. GREER, ASSOCIATES DISCOUNT CORPORATION, and ISABELL MAR-
   GUERITE GREER, *Appellees.*

(188 P. 2d 918)

Opinion filed January 24, 1948.

*Charles W. Ward,* county attorney, argued the cause, and *Edward F. Arn,* attorney general, and *Harold R. Fatzer,* assistant attorney general, were with him on the briefs for the appellant.

*John E. Wheeler,* of Marion, argued the cause for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is a special statutory proceeding pursuant to the provisions of G. S. 1935, 21-2162 *et seq.,* for forfeiture of an

automobile alleged to have been used as a common nuisance in the transportation of intoxicating liquor.

On December 22, 1946, the automobile in question was seized without warrant by the sheriff of Marion county, Kansas. The following day, December 23, 1946, this forfeiture proceeding was commenced by the filing of an information, charging that the defendants, Samuel Edward Greer and Isabell Marguerite Greer, used the automobile in question as a common nuisance in the transportation of certain intoxicating liquors. The same day a warrant was issued commanding the sheriff to arrest the defendants and seize the automobile and intoxicating liquors. The sheriff executed this warrant, and the return thereon was made on January 2, 1947. On January 6, 1947, upon plaintiff's praecipe, a notice was issued by the clerk of the district court, directed to the defendants and all other persons concerned, wherein the answer day was fixed as March 13, 1947. This notice was not personally served on the defendants, because they had already been released from custody on cash bail and had returned to Oklahoma City, Okla. However, the sheriff made constructive service by posting two copies of notice in public places in the county and by mailing a copy of the notice to the defendants at Oklahoma City.

On March 4, 1947, prior to the answer day fixed in the notice, defendant Samuel Edward Greer filed a motion to quash the proceeding and an answer. On the same date, Ellen J. Greer, as the alleged owner of the automobile, intervened in the proceeding by filing an answer. March 12, 1947, prior to the answer day, Associates Discount Corporation, as alleged mortgagee of the automobile, intervened in the proceeding by filing an answer.

On May 5, 1947, the cause was heard by the district court upon the contention, advanced in the aforesaid motion and answers, the proceeding should be quashed for the reason that under the provisions of G. S. 1935, 21-2164, it was mandatory the notice therein mentioned be issued within forty-eight hours after the return of the warrant, and this requirement had not been strictly complied with. The district court rendered judgment sustaining this contention and ordering the automobile delivered to defendant Associates Discount Corporation. May 9 following the plaintiff filed a motion to reconsider and set aside such judgment wherein it directed the court's attention to the fact all parties filing pleadings had joined issue on the merits in addition to challenging the court's jurisdiction, alleged

that by reason of answering on the merits such parties had subjected themselves to the court's jurisdiction for all purposes of the action, and asked, in the event the court did not hold jurisdiction had been waived, that the state be permitted to issue a new notice and that time for answer be extended as provided for by statute. Thereafter, on May 12, the district court heard argument of counsel on plaintiff's motion and then took matters therein involved under advisement. The same day, on its own motion, it reconsidered and set aside its decree of May 5, 1947. It then rendered judgment sustaining the motions to quash the proceeding and ordering the automobile delivered to Ellen J. Greer, as owner, and to Associates Discount Corporation, as mortgagee, on the ground that the notice required by statute had not been issued within forty-eight hours after return of the warrant. From this judgment plaintiff perfected appeal No. 36,978.

On June 13, 1947, the district court passed upon the plaintiff's motion to reconsider and set aside judgment. It overruled such motion, holding that although the defendants Samuel Edward Greer, Ellen J. Greer and Associates Discount Corporation had appeared and fully waived notice by filing their answers and motion, the district court lost jurisdiction over the automobile by reason of failure to issue notice within forty-eight hours after return of the warrant, so that the court thereafter had no power to hear the cause on the merits. From this final order and judgment, plaintiff perfected appeal No. 37,008.

Subsequently, on motion of appellant, the two appeals were consolidated and when presented were argued together.

G. S. 1935, 21-2164, upon which the trial court's judgments were based, reads:

"Whenever any vehicles, automobiles or other property shall be seized under such warrant, whether an arrest has been made or not, *a notice shall issue within forty-eight hours after the return of the warrant in the same manner as a summons*, directed to the defendant or defendants in such action and to all persons claiming any interest in such vehicles, automobiles and other property, fixing a time to be not less than 60 days, and place at which all persons claiming any interest therein may appear and answer the complaint made against such vehicles, automobiles and other property and show cause why the same should not be adjudged forfeited and ordered sold as hereinafter provided. Such notice shall be served upon the defendant or defendants in the action in the same manner as a summons if they be found within the jurisdiction of the court, and a copy thereof shall also be posted in one or more public places in the county in which the cause is pending." (Emphasis supplied.)

Did the trial court, under the facts, conditions and circumstances with which it was confronted on the date of the rendition of each of its judgments, properly conclude that failure to issue notice within forty-eight hours after the return of the warrant deprived it of power and authority to determine whether the involved automobile had been used as a common nuisance as charged in the complaint? Let us see.

A proceeding under G. S. 1935, 21-2162 to 21-2167, incl., to abate a common nuisance consisting of an automobile used in the transportation of intoxicating liquors is a proceeding *in rem* and constitutes a civil action. See *State v. Hannigan,* 161 Kan. 492, 170 P. 2d 138, and cases there cited.

In such a proceeding there can be no doubt the court has jurisdiction of the subject matter (G. S. 1935, 21-2164) and power to render judgment (G. S. 1935, 21-2165). We have expressly so held (*Breon-Armold Motor Co. v. Fuller,* 133 Kan. 62, 64, 298 Pac. 1066). Once an information is filed, a warrant is issued, and a vehicle seized under its direction, the *res* is *in custodia legis.* Thus the court acquires jurisdiction to determine whether such vehicle had been used in violation of law as charged in the information and whether, under existing statutes, it is subject to forfeiture. (*State v. Carr,* 114 Kan. 442, 444, 218 Pac. 1007; *Allison v. Hern,* 102 Kan. 48, 52, 169 Pac. 187; 30 Am. Jur. 551, § 571; 21 C. J. S. 52, § 43.)

There are three jurisdictional elements necessary to the rendition of every valid judgment (1 Freeman on Judgments, 5th ed., 444; *Simmington v. Cubberly,* 132 Kan. 199, 202, 294 Pac. 908; *Breon-Armold Motor Co. v. Fuller,* supra; *Sheridan County Comm'rs v. Acre,* 160 Kan. 278, 284, 160 P. 2d 250). They are jurisdiction of the subject matter, jurisdiction of the person, and power or authority to render the particular judgment. With two of these essential elements established there remains in this case only the question of jurisdiction of the person, or, since this is a proceeding in rem, of the *res.*

As limited to the situation disclosed by the record in the instant case the trial court concluded failure to issue notice within forty-eight hours as required by the provisions of 21-2164, *supra,* heretofore quoted, deprived it of further jurisdiction over the automobile and, irrespective of its actual status, precluded the rendition of any judgment forfeiting it as a nuisance notwithstanding the fact every person having or claiming to have an interest therein, including its

driver, its owner, and its mortgagee, had seen fit to come into court and plead to the merits. True enough, each of such persons relied on failure to issue notice within time as a jurisdictional defect requiring the quashing of the proceeding. Nevertheless, at the same time, they joined issue on the merits. The motion to quash filed by the defendant, Samuel Edward Greer, challenged the legal sufficiency of the information, while his answer contained a general denial of the charges to be found in that pleading. The intervenor, Ellen J. Greer, charged in her answer that she was the absolute owner of the car subject to a mortgage, that it was used, if at all, for illegal purposes by Samuel Edward Greer without her knowledge or consent, and that the pleadings were insufficient to sustain the action for the reason they did not charge a violation of law. In addition she asked that she be permitted to come in and defend. By its answer, the Associates Discount Corporation denied generally everything contained in the information affecting its rights, asserted it had a lien on the automobile under a valid mortgage for the sum of $986.15, alleged that such vehicle when seized was being used without the consent of either its owner or mortgagee, charged that the information was defective as a matter of law, and prayed that it be permitted to intervene as a party and make its defense.

With the pleadings in the condition heretofore related we have no hesitancy in holding that the trial court erred in the rendition of both of its judgments. The court had jurisdiction of the subject matter of the action and all parties entitled to notice had waived its issuance.

The rule in this jurisdiction, so well established as to hardly require citation of authorities to support it, is that in civil actions—where the court has jurisdiction of the subject matter of the action—questions pertaining to lack of jurisdiction over the parties or the *res* may be and are waived by the filing of any plea or answer which raises nonjurisdictional questions and involves the merits of the cause. This is true even though such jurisdictional issue has been raised in the same pleading.

It would serve no useful purpose and we are not disposed to catalogue our numerous decisions supporting the foregoing principles. Just a few of them, where many others are cited, will be noted. See *Meixell v. Kirkpatrick,* 29 Kan. 679; *Gorham v. Tanquerry,* 58 Kan. 233, 48 Pac. 916; *Abercrombie v. Abercrombie,* 64 Kan. 29, 67 Pac. 539; *Burnham v. Lewis,* 65 Kan. 481, 70 Pac. 337; *Bank v. Courter,*

97 Kan. 178, 155 Pac. 27; *Makemson v. Edwards*, 101 Kan. 269, 166 Pac. 508; *Matthies v. Union Products Co.*, 138 Kan. 764, 28 Pac. 754; *Matthies v. Union Products Co.*, 140 Kan. 232, 36 P. 2d 89; *Wible v. Wible*, 153 Kan. 428, 110 P. 2d 761; *Olsen v. Lambert*, 158 Kan. 94, 101, 145 P. 2d 159. For a general discussion of the subject and many additional cases see Dassler's Kansas Civil Code (2 ed), ch. 58, sec. 30, pp. 1045 to 1050, incl.

The rule is particularly applicable to intervenors, such as the appellants Ellen J. Greer and Associates Discount Corporation, who voluntarily submit themselves and their property to the jurisdiction of the court. (*Butter Tub Co. v. National Bank*, 115 Kan. 63, 70, 222 Pac. 754.)

In our opinion application of such rule to the facts of the instant case is sufficient in and of itself to justify our conclusion the judgments of the trial court are erroneous. However, our decision is not unsupported by precedent. *The State v. Robinson*, 118 Kan. 775, 236 Pac. 647, involves a proceeding to forfeit an automobile under the very statute here involved. There, one of the grounds asserted for the reversal of a judgment forfeiting the particular vehicle in controversy as a nuisance was that notice of its seizure was not served on the defendant within the period of time prescribed by statute. The defendant—as here—had joined issue on the merits. At page 777 of the opinion in that case we said:

"Defendant complains because notice of seizure of the car was not served on him within forty-eight hours, as the statute requires. Service of notice is merely a step in affording reasonable time and opportunity for any person interested to appear and defend the car (R. S. 21-2164); and since defendant had such time and opportunity, and did defend on the merits, he suffered no prejudice."

In reaching the conclusion just announced we have purposely limited our decision to the facts, conditions and circumstances disclosed by the record. To be more explicit, to a situation where all persons claiming an interest in the *res* involved in a civil action for forfeiture of an automobile under the intoxicating liquor law of the state, had waived the issuance of notice required by one of its provisions by pleading to the merits of the cause. Contentions advanced by the parties with respect to what their respective rights would be if tested in the light of a different record are not proper subjects of appellate review and for that reason have not been determined.

Both judgments are reversed.